MICHAEL R. SEVERE *et al.*, Plaintiffs-Appellants, *v.* ROBERT D. MILLER, M.D., *et al.*, Defendants-Appellees.

Fourth District   No. 4—83—0182

Opinion filed December 22, 1983.

Robert D. Owen and Linda M. Castleman, both of Owen, Roberts, Susler & Murphy, P.C., of Decatur, for appellants.

Richard F. Record, Jr., of Craig & Craig, of Mattoon, for appellee Robert D. Miller.

Jerald E. Jackson and William O. Martin, Jr., both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees Gerald Snyder and Stat Medical Services, Ltd.

Evan H. Johnson, of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee St. Mary's Hospital.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs, Michael and Sharree Severe, appeal from an order of the circuit court of Macon County dismissing with prejudice their three-count complaint as barred by the five-year statute of limitations. (Ill. Rev. Stat. 1981, ch. 110, par. 13—205.) At issue is the appropriate period of limitation for actions against tortfeasors for damages arising under section 15 of "An Act to revise the law in relation to husband and wife" (Husband and Wife Act) (Ill. Rev. Stat. 1981, ch. 40, par. 1015). We affirm.

On November 12, 1982, plaintiffs filed a three-count complaint against defendants, Robert Miller, M.D., Gerald Snyder, M.D., STAT Medical Services Ltd., and St. Mary's Hospital of Decatur for damages sustained by plaintiffs for medical expenses they were obligated to pay for their minor daughter under section 15 of the Husband and Wife Act. Plaintiffs allege that from September 8, 1976, until September 16, 1976, defendants provided medical care for their minor daughter who was born on August 24, 1976, and that defendants negligently failed to diagnose, to test, and to otherwise apply that degree of skill and care which good medical practice required. Plaintiffs allege that as a proximate result of the defendants' acts and omissions, their daughter became permanently disabled and they became liable for large sums of money spent for her care.

Defendants moved to dismiss plaintiffs' complaint as barred by "the statute of limitation." The trial court granted the motions, relying on the five-year period of limitations provided in section 13—205 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 13—205.) On appeal, plaintiffs argue that the trial court applied the wrong statute of limitations and erred in dismissing their complaint. Plaintiffs suggest that the appropriate statute of limitations is section 13—203 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—203). Defendants argue that the trial court properly dismissed plaintiffs' action regardless of which statute is applied.

The statutes at issue are summarized, as follows:

"*** Actions for damages for loss of consortium or other actions deriving from injury to the person of another shall be commenced within the same period of time as actions for damages for injury to such other person." Ill. Rev. Stat. 1981, ch. 110, par. 13—203.

"Except as provided in Section 2—725 of the 'Uniform Com-

mercial Code', approved July 31, 1961, as amended, and Section 11—13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." Ill. Rev. Stat. 1981, ch. 110, par. 13—205.

"If the person entitled to bring an action, specified in Sections 13—201 through 13—212 of this Act, at the time the cause of action accrued, is under the age of 18 years, or under legal disability, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed." Ill. Rev. Stat. 1981, ch. 110, par. 13—211.

Plaintiffs' position both here and in the trial court rests upon their contention that section 13—203 governs their cause of action. Plaintiffs argue that by the plain language of section 13—203 their action is an "[action] deriving from the injury to the person of another," their daughter, and that their suit must be commenced "within the same period of time as actions for damages for injury to such other person." (Ill. Rev. Stat. 1981, ch. 110, par. 13—203.) Plaintiffs suggest that inasmuch as their daughter may bring suit until 1996 under the tolling provisions for minors found in section 13—211 of the Code of Civil Procedure, they also have the same period of time to bring suit. (Ill. Rev. Stat. 1981, ch. 110, par. 13—211.) In support of defendants' position, they rely on *Fess v. Parke, Davis & Co.* (1983), 113 Ill. App. 3d 133, 446 N.E.2d 1255, *appeal denied* (1983), 94 Ill. 2d 552, in which the appellate court rejected the same argument as advanced by the plaintiffs here. Defendants also suggest that plaintiffs' suit is not a derivative suit governed by section 13—203 of the Code of Civil Procedure.

In *Fess*, the appellate court found section 13—203 applicable to a suit by the parents of an injured minor to recover damages for hospital expenses, lost income, and consortium occasioned by the alleged negligence of Parke, Davis & Co. The parents there also made the argument that they had the benefit of the minor's disability under the plain language of section 13—203. The appellate court disagreed. Focusing on the clear language of section 13—211 of the Code of Civil Procedure, the court noted that the disability of infancy applied only to persons under the age of 18 and that plaintiffs, as adults, fit within

neither the language nor the spirit of the statute.

We agree with the *Fess* court that section 13—203 is the appropriate period of limitations. In *Graul v. Adrian* (1965), 32 Ill. 2d 345, 205 N.E.2d 444, the supreme court first recognized that a parent could sue a tortfeasor to recover sums expensed for a minor for medical and funeral expenses occasioned by the third party's negligence. In *Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 162, 317 N.E.2d 505, the supreme court noted that "consequential-damage actions," such as actions for loss of consortium, dramshop actions, and actions by parents for expenses for medical care (see *Waller v. City of Chicago* (1882), 11 Ill. App. 209; *Seymour v. Union News Co.* (7th Cir. 1954), 217 F.2d 168) were governed by the five-year period of section 13—205 as a civil action not otherwise provided for. The court held that the general two-year period for personal injury actions (see Ill. Rev. Stat. 1981, ch. 110, par. 13—203) was not applicable to a consortium action because a consortium action was not based upon an injury to the plaintiff's person. In drawing this distinction between direct personal injury and actions arising from the injury, the supreme court gave the legislature an explicit invitation to amend the statutes as follows:

> "[O]ur appellate courts have held that this language in our limitation statute ["actions for damages for an injury to the person,"; see Ill. Rev. Stat. 1981, ch. 110, par. 13—203] applies only to direct personal injury to the plaintiff. Our legislature has long acquiesced in this interpretation of this language. We find the inaction of our legislature in the face of the judicial construction which has been given to the meaning of the statute more persuasive than the decisions from the other jurisdictions. The cause of action for loss of consortium is derivative just as the causes of action considered in the above appellate cases [consortium actions, dramshop actions, actions by parents for expenses of care and loss of support and actions for liability under the Husband and Wife Act] were derivative." *Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 162, 317 N.E.2d 505, 507. See also *Juechter v. Grace* (1977), 55 Ill. App. 3d 606, 371 N.E.2d 179.

The legislature responded to this invitation through the passage of section 14.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 15.1, now Ill. Rev. Stat. 1981, ch. 110, par. 13—203), which provides that consortium actions and actions deriving from an injury to the person of another shall be governed by the same period of time as actions for damages for injury to such other person. Thus, it is

clear from *Graul* and *Mitchell* that the parents' suit here is derivative since the right of action arises out of the injury to the person of another and their obligation under the Husband and Wife Act to pay for medical expenses. We agree with plaintiffs that section 13—203 is the applicable statute of limitations for their action.

We next consider what period of time governed the minor's cause of action against the defendants, since this period governs plaintiffs' action under the terms of section 13—203. Actions against physicians or hospitals for damages arising out of patient care are subject to a two-year statute of limitation. (Ill. Rev. Stat. 1981, ch. 110, par. 13—212.) In the case of minors, the period of limitation is also two years but it does not begin to run until the disability is removed. (Ill. Rev. Stat. 1981, ch. 110, par. 13—212.) The proper interpretation of section 13—203 is that plaintiffs shall have the same period of limitation as their minor child from whom the action derived. Since the minor also had two years (tolled during infancy), then plaintiffs are entitled to two years. Nowhere in either sections 13—203 or 13—211 is there any indication of an intent to extend the period of limitations for plaintiffs or provide for a tolling of the applicable period. The explicit language of section 13—211 requires that the person be under 18 years at the time the cause of action accrues.

■■ ■ It is an established rule regarding statutes of limitations that no exceptions which toll the statute or enlarge the scope will be implied. (*Fisher v. Rhodes* (1974), 22 Ill. App. 3d 978, 317 N.E.2d 604.) We find nothing in the language of sections 13—203 or 13—211 that leads to the conclusion that the legislature wished to extend the period of limitation for actions similar to plaintiffs'. Rather, section 13—203 evinces an intent to bring uniformity to the period of limitation which governs both the derivative and the direct action. By our holding we make it clear that the statute of limitation governing the minor's action is equally applicable to the derivative action.

■ Finally, we note that neither party has suggested that section 13—212 of the Code of Civil Procedure is the period of limitation which governs plaintiffs' action. This statute, by its explicit terms, applies to "action[s] for damages for injury or death against any physician or hospital." (Ill. Rev. Stat. 1981, ch. 110, par. 13—212.) Plaintiffs' action is not an action for damages for injuries but is an action for damages arising from their liability under the Husband and Wife Act. Their cause of action is governed by section 13—203 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 13—203.) Since plaintiffs' action was not brought within two years from the date it accrued, the trial court properly dismissed their complaint.

For the foregoing reasons, the order of the trial court dismissing plaintiffs' action with prejudice is affirmed.

Affirmed.

MILLER and WEBBER, JJ., concur.