ANTHONY PAUL CURTIS, Plaintiff-Appellant, v. LEORRA P. WOMELDORFF, Defendant-Appellee.

Fourth District No. 4—86—0076

Opinion filed August 4, 1986.

Berger, Fombelle, Baxter, Zachry & Rathbun, P.C., of Decatur (James E. Zachry, of counsel), for appellant.

Linda M. Castleman, of Owen, Roberts, Ltd., of Decatur, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On August 23, 1982, plaintiff, Anthony Paul Curtis, was in-

volved in a bicycle-automobile collision with defendant, Leorra P. Womeldorff. Plaintiff's father filed suit against defendant on October 30, 1984, on behalf of his minor son for his son's personal injuries and for medical expenses the father had assigned to the son on March 7, 1983. Plaintiff reached majority in August 1985, and subsequently filed an amended complaint in his own name for his personal injuries and those medical expenses. Defendant filed a motion to dismiss count II for medical expenses, because it was not verified and was barred by the statute of limitations. On January 30, 1986, following a hearing in the circuit court of Macon County, the court dismissed count II for those reasons and entered a Supreme Court Rule 304(a) finding as to that dismissal (103 Ill. 2d R. 304(a)). We affirm.

On appeal, plaintiff maintains the trial court erred in (1) finding the claim for medical expenses was barred by the statute of limitations; and (2) failing to allow plaintiff leave to file an amended, verified count II.

■■ Initially we must determine the applicable statute of limitations period. Actions for damages for an injury to the person are subject to a two-year statute of limitations (Ill. Rev. Stat. 1983, ch. 110, par. 13—202), which is tolled as to a minor until he reaches 18 years of age (Ill. Rev. Stat. 1983, ch. 110, par. 13—211). The parents' action for medical expenses is derivative, because it arises from the injury to their minor child and from their obligation to pay those expenses under "An Act to revise the law in relation to husband and wife" (the Husband and Wife Act) (Ill. Rev. Stat. 1983, ch. 40, par. 1015). This court has recognized that, in such an action, section 13—203 of the Limitations Act (Ill. Rev. Stat. 1983, ch. 110, par. 13—203) is the appropriate period of limitations (*Severe v. Miller* (1983), 120 Ill. App. 3d 550, 458 N.E.2d 173), and such actions are governed by the same period as the underlying action. The parents' action, however, *is not tolled* during the injured person's minority. 120 Ill. App. 3d 550, 458 N.E.2d 173.

■■■ A general rule has been established whereby when a *res* is assigned, an assignee takes subject to any defense which is available against the assignor. (*Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 412 N.E.2d 624; 4 Corbin, Contracts sec. 892, at 585 (1951).) More particularly, this rule has been applied so that, when a statute of limitations starts to run against the holder of a claim who is not under disability, the running of the limitation period is not tolled by an assignment of the claim to one who is under disability. (See *Beattie v. Whipple* (1894), 154 Ill. 273, 40 N.E. 340; Annot., 65 A.L.R. 975

(1930).) Thus, here, the father's claim for reimbursement for his expenditures under the Husband and Wife Act was subject to the two-year limitation, and the minor-assignee took assignment subject to that limitation period which was not tolled.

Plaintiff relies on *In re Estate of Sheehan* (1937), 290 Ill. App. 551, 9 N.E.2d 63, in support of his position that a minor is barred by the running of the statute of limitations as to his guardian only where legal title to the *res* is in the legal representative or trustee. However, here, the *res* was not a cause of action held by the father on behalf of the minor. It was a claim originally *vested in the father* as a result of *his* liability incurred under the Husband and Wife Act. The minor's interest arose only by virtue of the assignment.

Plaintiff's reliance on *Blanford v. Connery* (1958), 16 Ill. App. 2d 544, 148 N.E.2d 824 (abstract of opinion), is also misplaced. There, the minors were not entitled to file their parents' action for medical expenses, where the assignment of those expenses to them was not made until after the statute of limitations had run on the parents' claim. Plaintiff contends that *Blanford* would imply that if the *assignment* had been made within the statutory period, the running of the period would have been tolled during the assignee's minority. We find no such implication in the decision.

The trial court was correct in finding the claim for medical expenses was barred by the statute of limitations. Therefore, the court did not err in failing to allow plaintiff leave to file an amended, verified count II.

For the reasons stated, the decision of the trial court is affirmed.

Affirmed.

McCULLOUGH, P.J., and WEBBER, J., concur.