TRACY SWIDER, a Minor by her Mother and Next Friend, Diana Swider, *et al.*, Plaintiffs-Appellants, v. HOLY CROSS HOSPITAL *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 85—2639

Opinion filed August 20, 1986.—Rehearing denied September 18, 1986.

Barry D. Goldberg, of Goldberg & Goldberg, of Chicago (David A. Novoselsky, of counsel), for appellants.

Bruce M. Wall, Michael G. Thomas, and Marc F. Benjoya, all of Cassi-

day, Shade & Gloor, of Chicago, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Diana Swider sought damages under the family expenses statute (Ill. Rev. Stat. 1985, ch. 40, par. 1015) in count III of her complaint against defendants Holy Cross Hospital, Dr. S. Levy and Dr. Eleanore Hamilton. The trial court found that the applicable statute of limitations had run, and granted defendants' motion to dismiss count III pursuant to section 2—619(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(5)).

Counts I and II of plaintiff's complaint stated medical malpractice causes of action by her, in the capacity of guardian of her minor daughter Tracy, for alleged injuries sustained by Tracy in December 1970 and January 1971. On January 16, 1985, plaintiff filed her first amended complaint which added count III, stating a cause of action on behalf of plaintiff herself for expenses she incurred as a result of Tracy's injuries. The only issue on appeal is whether the trial court was correct in finding the statute of limitations had run and in dismissing count III of the complaint.

Section 13—203 of the Code of Civil Procedure provides that actions for damages "deriving from injury to the person of another *** shall be commenced within the same period of time as actions for damages for injury to such other person." (Ill. Rev. Stat. 1985, ch. 110, par. 13—203.) This section is applicable since count III of the complaint states a cause of action for plaintiff deriving from injuries to her minor child. The parties disagree, however, regarding which statute of limitations defines the "same period of time as actions for damages for injury to such other person." Plaintiff contends that section 13—211 of the Code of Civil Procedure applies:

"If the person entitled to bring an action, specified in Sections 13—201 through 13—212 of this Act, at the time the cause of action accrued, is under the age of 18 years *** he or she may bring the action within two years after the disability is removed." (Ill. Rev. Stat. 1985, ch. 110, par. 13—211.)

Plaintiff maintains that her derivative cause of action may enjoy the same tolling of the statute of limitations for minors as that enjoyed by her minor child's medical malpractice actions. Defendants argue that section 13—203 refers to the two-year statute of limitations which applies to all medical malpractice actions, absent any tolling for minors:

"No action for damages for injury or death against any physician *** or hospital *** whether based upon tort, or breach of

contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the existence of the injury or death for which damages are sought in the action *** but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury ***." (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.)

The alleged injury to the minor child here occurred in December 1970 and January 1971. Applying the limitation set forth in section 13—212, plaintiff's action, filed 14 years later, clearly violates that statute.

In *Fess v. Parke, Davis & Co.* (1983), 113 Ill. App. 3d 133, 446 N.E.2d 1255, and *Severe v. Miller* (1983), 120 Ill. App. 3d 550, 458 N.E.2d 173, this court held that the statute tolling the statute of limitations for minors is not applicable to the derivative actions filed by parents. (See also *Northern Trust Co. v. Louis A. Weiss Memorial Hospital* (1986), 143 Ill. App. 3d 479, 493 N.E.2d 6.) In *Fess* and *Severe*, the court reasoned that the plain meaning of the tolling statute restricts its effect to the benefit of minors; that the scope of the tolling statute is not to be judicially enlarged; and that the parents do not suffer from the disability of being a minor whose interests need to be protected. We agree with these three holdings.

Plaintiff contends that these decisions violate the constitutional guarantee of a remedy for every wrong. However, plaintiff's right to recover under the family expenses statute is a remedy available within a limited time period. Remedies need not remain available for unlimited periods of time, such as the 14-year period in which plaintiff failed to file an action in this case.

Plaintiff argues further that her expenses for her child are continuing, and thus the tort also is continuing. The adoption of such reasoning by this court would result in a tolling of the statute of limitations for every legal action in which damages continue to be incurred after the tortious injury takes place. It would no longer be necessary for the triers of fact to make awards based on projected damages. A statute of limitations is not postponed on the basis that the extent of damages cannot be determined at the time of the wrongful act. See generally 51 Am. Jur. 2d *Limitation of Actions* sec. 109 (1970).

Plaintiff finally contends that the aforementioned holdings of this court harm the interests of the minor. The minor's cause of action is

independent, however, and in no way affected by the statute of limitations applicable to the parent's action.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing count III of plaintiff's complaint is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.