PETER REIMERS, Plaintiff-Appellant, v. HONDA MOTOR COMPANY, LTD., *et al.*, Defendants-Appellees (Kevin Farraher, Defendant).

First District (1st Division)   No. 85—2000

Opinion filed December 22, 1986.

Jerome Mirza & Associates, Ltd., of Bloomington (Jerome Mirza, of counsel), for appellant.

Pappas, Power & Marcus, of Chicago (Debra K. Marcus, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Peter Reimers, appeals from an order of the circuit court of Cook County dismissing with prejudice paragraph 8 of plaintiff's two-count complaint as being barred by the two-year statute of limitations (Ill. Rev. Stat. 1985, ch. 100, pars. 13—202, 13—213(d).) At issue is whether a derivative cause of action for recovery of medical expenses which has been assigned to the injured child is barred by the statute of limitations if it is not filed within two years of the occurrence. We affirm.

On June 26, 1982, Peter Reimers was seriously injured while a passenger in a Honda Accord driven by Kevin Farraher. On June 11, 1984, plaintiff's parents assigned to him any rights they may have had to recover for medical expenses incurred by them during their son's minority and which had resulted from the occurrence on June 26, 1982. At the time of the assignment, Peter Reimers was 18 years old, having reached his majority on January 20, 1984.

On July 5, 1984, Peter Reimers filed a two-count complaint against American Honda Motor Company, Inc., and Honda Motor Company, Ltd. (jointly referred to as Honda), and Farraher. Paragraph 8 of the complaint alleged the assignment of rights to recover for medical expenses and requested recovery for expenses incurred

by plaintiff's parents. Defendant Honda filed a motion for summary judgment, contending that because plaintiff's parents were barred by the applicable statute of limitations from bringing a cause of action for recovery of medical expenses, plaintiff, as assignee, was similarly barred. Summary judgment was granted in favor of defendant Honda, and plaintiff now brings this appeal.

Plaintiff's position is that the governing statute of limitations is section 13—211 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—211). Section 13—211 provides that "[i]f the person entitled to bring an action, *** at the time the cause of action accrued, is under the age of 18 years, *** he or she may bring the action within 2 years after the disability is removed." (Ill. Rev. Stat. 1985, ch. 110, par. 13—211.) Plaintiff contends that because he was a minor when the collision occurred, he was not required to file suit in his own personal injury action until his 20th birthday, January 20, 1986. He argues that since the assignment was made within two years after the occurrence, on June 11, 1984, the statute also should be tolled on the derivative action so that he can bring both actions in a unitary suit.

■ Plaintiff's contentions are not supported either by the plain meaning of section 13—211 or by applicable Illinois case law. Section 13—211 operates to toll the statute of limitations "if the person entitled to bring an action, *** at the time the cause of action accrued, is under the age of 18." At the time the cause of action at issue accrued, the persons entitled to bring the action for recovery of medical expenses were clearly plaintiff's parents, not plaintiff. Plaintiff's parents were also not under the age of 18 years at the time the cause of action accrued. As plaintiffs parents were not within the class of persons intended to be benefitted by the tolling statute, their cause of action for medical expenses cannot be tolled. *Swider v. Holy Cross Hospital* (1986), 146 Ill. App. 3d 740, 742, 497 N.E.2d 474; *Severe v. Miller* (1983), 120 Ill. App. 3d 550, 555, 458 N.E.2d 173; *Fess v. Parke, Davis & Co.* (1983), 113 Ill. App. 3d 133, 135, 446 N.E.2d 1255, *appeal denied* (1983), 94 Ill. 2d 552.

■ Plaintiff himself does not fulfill the requisite conditions to invoke the statutory tolling provision with regard to the assignments made. Plaintiff was born on January 20, 1966. Consequently, he had already reached his majority on June 11, 1984, the date on which the assignment at issue was executed. Thus, when plaintiff became "entitled" to bring the assigned derivative action, he was also excluded from the class of persons intended to be protected by section 13—211.

■ Pursuant to the family expense statute (Ill. Rev. Stat. 1985, ch. 40, par. 1015), parents are liable for the medical expenses of their minor children, thus any cause of action to recover for medical expenses is that of the parent and not the child (*Graul v. Adrian* (1965), 32 Ill. 2d 345, 347, 205 N.E.2d 444). Since the parents' right to recover medical expenses arises out of the injury to the minor child, it is governed by section 13—203 of the Illinois Code of Civil Procedure, which provides the applicable limitations period for derivative causes of action.

Section 13—203 provides in pertinent part:

"Actions for damages \*\*\* deriving from injury to the person of another \*\*\* shall be commenced within the same period of time as actions for damages for injury to such other person." Ill. Rev. Stat. 1985, ch. 110, par. 13—203.

Peter Reimer's cause of action for his own personal injuries is clearly governed by a two-year limitations period. (See Ill. Rev. Stat. 1985, ch. 110, pars. 3—202, 13—213(d).) The derivative action arising out of the same occurrence is therefore also governed by a two-year limitations period. *Swider v. Holy Cross Hospital* (1986), 146 Ill. App. 3d 740, 742, 497 N.E.2d 474; *Severe v. Miller* (1983), 120 Ill. App. 3d 550, 554, 458 N.E.2d 173; *Fess v. Parke, Davis & Co.* (1983), 113 Ill. App. 3d 133, 135, 446 N.E.2d 1255, *appeal denied* (1983), 94 Ill. 2d 552.

Plaintiff argues that the *Swider* line of cases is not controlling as those cases involved attempts by parents to toll the statute of limitations in their own derivative suits during their injured childrens' minority and in none of the cases did the parents assign their derivative suit to the child.

■ ■ Although an assignment operates to transfer to the assignee all rights, title, or interest of the assignor in the thing assigned, the assignee cannot acquire, merely by assignment, a greater right or interest than the assignor possessed. (*Litwin v. Timbercrest Estates, Inc.* (1976), 37 Ill. App. 3d 956, 958, 347 N.E.2d 378.) A cause of action based on an assignment is subject to any defense which could have been raised against the assignor. (*Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 895, 412 N.E.2d 624.) Although the parents here were entitled to assign the derivative action to their child, the child still may not recover where the parents could not. *Rahn v. Beurskens* (1966), 66 Ill. App. 2d 423, 424, 213 N.E.2d 301, *appeal denied* (1966), 33 Ill. 2d 628; *Bibby v. Meyer* (1966), 60 Ill. App. 2d 156, 163, 208 N.E.2d 367.

In the instant case, the accident out of which the parents' deriv-

ative action arose occurred on June 26, 1982. Plaintiff's complaint was filed on July 5, 1984, 11 days after the expiration of the statute of limitations on the parents' derivative action. Plaintiff's derivative suit to recover for medical costs is thereby barred by the statute of limitations. See *Real v. Kim* (1983), 112 Ill. App. 3d 427, 432, 445 N.E.2d 783 (a statute of limitations runs against a cause of action, not against the holder of the cause of action).

We also reject plaintiff's argument that the tolling provisions of section 13—211 should be applied so that the plaintiff can bring both causes of action in a unitary suit. We find no support in the legislative history of sections 13—201 or 13—211 for plaintiff's argument that the legislature cannot have intended multiple litigation arising from the same occurrence. The legislature itself created two separate and distinct causes of action; one which accrues to the injured party and one which is derived from the injury but which accrues to another. Had the legislature intended to create exceptions to section 13—203 or to include additional persons or circumstances within the tolling provisions of section 13—211, it could have done so.

If the plaintiff here was allowed to proceed with the assigned cause of action, which would otherwise be time barred, the effect would be to allow assignment of any cause of action to a minor or to anyone under a legal disability, thereby circumventing the applicable statute of limitations. Accordingly, we hold that a derivative cause of action for recovery of medical expenses is barred by the statute of limitations if it is not filed within two years of the occurrence causing the injury.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.