JOHN EVANGELOU, A Minor, by his Mother and Next Friend, Konstantina Evangelou, Plaintiff-Appellant, v. CHILDREN'S MEMORIAL HOSPITAL *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—91—1749

Opinion filed March 27, 1992.

Joel H. Greenburg and Mark Szaflarski, both of Joel H. Greenburg, Ltd., of Chicago, for appellant.

Peterson & Ross, of Chicago (William K. McVisk, Nicholas Anaclerio, Jr., and Sean P. MacCarthy, of counsel), for appellees Children's Memorial Hospital and Janice R. Klich.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Konstantina Evangelou, in a medical malpractice action sought damages under the expenses of family statute (Ill. Rev. Stat.

1985, ch. 40, par. 1015) in count II of her complaint against defendants Children's Memorial Hospital and Dr. Janice Klick. The trial court found count II untimely and dismissed it pursuant to section 2—619(a)(5) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(5)).

In the original complaint, filed in February 1985, plaintiff, on behalf of her minor son, John Evangelou (John), alleged that he sustained injuries caused by defendants' negligence during open-heart surgery in December 1982. Plaintiff voluntarily dismissed this action on September 17, 1990. On September 21, 1990, plaintiff refiled the complaint which added count II, stating a cause of action on her own behalf for medical expenses incurred as a result of John's injuries. The only issue on appeal is whether the trial court properly dismissed count II of plaintiff's claim as barred by the statute of limitations.

The parties agree that section 13—203 of the Code of Civil Procedure governs this case. This statute provides that actions for damages "deriving from injury to the person of another *** shall be commenced within the same period of time as actions for damages for injury to such other person." (Ill. Rev. Stat. 1985, ch. 110, par. 13—203.) The parties disagree, however, as to whether plaintiff's cause of action is subject to the same tolling of the limitations period that applies to her minor son's medical negligence cause of action. (Ill. Rev. Stat. 1985, ch. 110, par. 13—211.) Plaintiff acknowledges that this court has repeatedly held that the tolling provision does not apply in derivative actions, such as this. (*Reimers v. Honda Motor Co.* (1986), 150 Ill. App. 3d 840, 502 N.E.2d 428, *appeal denied* (1987), 114 Ill. 2d 557, 508 N.E.2d 735; *Swider v. Holy Cross Hospital* (1986), 146 Ill. App. 3d 740, 497 N.E.2d 474, *appeal denied* (1987), 113 Ill. 2d 585, 505 N.E.2d 362; *Curtis v. Womeldorff* (1986), 145 Ill. App. 3d 1006, 496 N.E.2d 500; *Northern Trust Co. v. Louis A. Weiss Memorial Hospital* (1986), 143 Ill. App. 3d 479, 493 N.E.2d 6.) Plaintiff claims, however, that the 1987 statutory amendment, which expressly provides for tolling of the limitations period for derivative claims asserted for the injuries of a minor child, applies retroactively and requires reversal here. The statute, as amended, reads as follows:

"Actions for damages for loss of consortium or other actions deriving from injury to the person of another *** shall be commenced within the same period of time as actions for damages for injury to such other person. *Where the time in which the cause of action of the injured person whose injuries give rise to the cause of action brought under this Section is tolled or otherwise extended by any other Section of this Act, including Sec-*

*tions 13—211, 13—212 and 13—215, the time in which the cause of action must be brought under this Section is also tolled or extended to coincide with the period of time in which the injured person must commence his or her cause of action."* (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 13—203.

Plaintiff argues that the general principles prohibiting retroactive application of a statutory amendment do not apply here because the amendment merely "recasts" the predecessor statute, adding "clarification language." In this regard, plaintiff maintains that the 1987 amendment was the legislature's "prompt response" to this court's misinterpretation of section 13—203 in the above-cited 1986 decisions. Plaintiff urges us, therefore, to construe the predecessor statute to require the same limitations period as the subsequent statute. We decline to do so.

The general rule is that a statutory amendment creates a presumption that the legislature intended to change the law as it formerly existed. However, this principle may be overcome by more persuasive considerations. (*Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784.) In *Wilbon*, our supreme court held that where the legislature enacted a statutory provision five months after a decision of this court, the legislation was a clarification of the law as it existed and not a new amendment changing the law. Thus, the court did not apply the rule prohibiting retroactive application of statutory amendments.

Such considerations, however, are not present here. As plaintiff correctly indicates, the legislature amended section 13—203 after this court declined to apply the tolling provision to claims under the expenses of family statute in four 1986 cases. However, as early as 1983, this court held that the limitations period for family expense claims was not tolled under the pre-1987 version of section 13—203. (See *Severe v. Miller* (1983), 120 Ill. App. 3d 550, 458 N.E.2d 173; *Fess v. Parke, Davis & Co.* (1983), 113 Ill. App. 3d 133, 446 N.E.2d 1255, *appeal denied* (1983), 94 Ill. 2d 552, 458 N.E.2d 175.) In those two cases, the court reasoned that the plain meaning of the tolling statute restricts its effect to the benefit of minors and that the scope of the tolling statute is not to be judicially enlarged. Moreover, in both *Severe* and *Fess*, this court recognized that if the legislature intended a different result, it could enact legislation so providing. (*Severe*, 120 Ill. App. 3d at 555, 458 N.E.2d at 176; *Fess*, 113 Ill. App. 3d at 135, 446 N.E.2d at 1256.) Section 13—203 was not amended until 1987 and became effective in November 1987. Thus, more than 3½ years elapsed between the *Fess* and *Severe* decisions and the introduc-

tion of the legislation. The rule developed in *Fess* and *Severe* was settled law by the time the legislation was introduced. If, as plaintiff contends, this court misinterpreted the legislative intent of the pre-1987 version of section 13—203, the legislature would have acted much sooner than it did. (*Sanchez v. Access Associates* (1989), 179 Ill. App. 3d 961, 535 N.E.2d 27.) We therefore reject plaintiff's argument that under *Wilbon* the amendment was a prompt response to correct this court's decisions in *Reimers, Swider, Curtis,* and *Northern Trust.* Moreover, we find nothing here sufficiently persuasive to overcome the presumption that section 13—203, as amended, changed the law as it formerly existed. For these reasons, *Wilbon* is inapposite and does not support plaintiff's claim for retroactive application of the statute.

▪▪ ▪ It is well settled that the statute of limitations in force at the time a cause of action arises governs the time within which the action will lie. (*Sanchez v. Access Associates,* 179 Ill. App. 3d 961, 535 N.E.2d 27; *Beesley v. Spencer* (1861), 25 Ill. 199.) Therefore, a statutory amendment enacted subsequent to the accrual of a cause of action which extends the time for filing suit will not be applied retroactively to revive a previously barred cause of action. (*Sanchez v. Access Associates,* 179 Ill. App. 3d 961, 535 N.E.2d 27; *Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 380 N.E.2d 782.) The cause of action in this case arose in December 1982. The amended statute, which applies the tolling provision to a derivative action, was not effective until November 1987, well after the accrual of the cause of action. Thus, based upon the foregoing principles, we believe that the trial court correctly refused to apply the tolling provision to this case.

▪▪ Finally, at oral argument, plaintiff claimed that the trial court's dismissal of count II harms the interests of the minor. However, the minor's cause of action is independent and is not affected by the limitations period applicable to plaintiff's cause of action.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing count II of plaintiff's complaint is affirmed.

Judgment affirmed.

EGAN, P.J., and RAKOWSKI, J., concur.