TIMOTHY BECK, a Minor, by his Mother and Next Friend, Linda Beck, *et al.*, Plaintiffs-Appellants, v. HAROLD M. YATVIN *et al.*, Defendants-Appellees (Ingalls Memorial Hospital, Defendant-Appellee).

First District (1st Division)   Nos. 1—90—1508, 1—90—2190

Opinion filed July 6, 1992.—Rehearing denied November 23, 1992.

George M. Elsener & Associates, of Chicago (George M. Elsener and Michael I. Starkman, of counsel), for appellants.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, Patricia J. Barker, and Diane I. Jennings, of counsel), for appellees.

JUSTICE MANNING delivered the opinion of the court:

Plaintiffs brought an action alleging medical malpractice for injuries to their minor son sustained during his birth on November 10, 1980, and seeking recovery under the family expense statute (Ill. Rev. Stat. 1987, ch. 40, par. 1015) for his extraordinary medical expenses. The circuit court ruled that plaintiffs were precluded from pursuing their family expense statute claim pursuant to the applicable statute of limitations in effect on the date of accrual of their cause of action. The circuit court found that the statute of limitations for plaintiffs' cause of action expired on November 9, 1982, and rejected their contention that a 1987 amendment to section 13—203 (Pub. Act 85—907, eff. July 1, 1987 (now codified as Ill. Rev. Stat. 1989, ch. 110, par. 13—203)) reflected the intent of the legislature to retroactively toll the statute of limitations for their action to coincide with that of the child.

The two issues raised by plaintiffs below and on appeal are whether the parents' medical expense claim is tolled during the minority of an injured child pursuant to the tolling provision found in section 13—211 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—211), and whether the 1987 amendment to section 13—203 should be applied retroactively to plaintiffs' cause of action. The circuit court responded negatively to both questions. We agree.

Plaintiff-appellant, Linda Beck, as mother and next friend of Timothy Beck, a minor, first filed a medical malpractice suit against defendant-appellee Harold M. Yatvin, M.D., on December 10, 1987. She subsequently filed a first amended complaint adding defendant-appellee Medical Associates, S.C., Dr. Yatvin's employer. On November 24, 1989, plaintiff's second amended complaint added defendants-appellees Ingalls Memorial Hospital (Ingalls), Binay K. Sinha, M.D., and his employer, Community Medical Center, S.C. The complaint sought money damages for Timothy's injuries allegedly sustained during the perinatal period and at the time of his birth. Linda and Rory Beck, the father, also sued the same defendants in their own behalf seeking recovery of medical expenses.

The trial court granted defendant Ingalls' motion to dismiss the claim in an order entered on April 23, 1990, finding that there was no just cause to delay enforcement or appeal of the court's ruling. Plaintiffs' appeal from that order was filed on May 22, 1990, and

docketed in this court as appeal No. 1—90—1508. The trial court also granted defendants Dr. Yatvin, Dr. Sinha, and their respective employers summary judgment on plaintiffs' family expense statute claim in an order entered on June 26, 1990, again finding that there was no just cause to delay enforcement or appeal. Plaintiffs' appeal from that order was filed on July 25, 1990, and is docketed as appeal No. 1—90—2190. On October 1, 1990, we consolidated the two appeals and the appellees' brief is filed on behalf of all defendants.

■ Section 15 of the Rights of Married Women Act (Ill. Rev. Stat. 1987, ch. 40, par. 1015), commonly referred to as the family expense statute, requires parents to pay for the necessary expenses of their minor children. (See *In re Marriage of Van Winkle* (1982), 107 Ill. App. 3d 73, 437 N.E.2d 358.) This obligation includes the payment of the minor child's medical payments. (*Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 412 N.E.2d 624.) Since the obligation to pay the child's medical expense is on the parent, it has been held that the cause of action to recover for medical expenses lies in the parent, rather than the child. *In re Estate of Hammond* (1986), 141 Ill. App. 3d 963, 491 N.E.2d 84; *Reimers v. Honda Motor Co.* (1986), 150 Ill. App. 3d 840, 502 N.E.2d 428.

■ Our court also has held that an action pursuant to the family expense statute is derivative since the right of action arises out of injury to the person of another; thus, the statute of limitations for "actions for damages for loss of consortium or other actions deriving from injury to the person of another" applies. (Ill. Rev. Stat. 1987, ch. 110, par. 13—203; *Severe v. Miller* (1983), 120 Ill. App. 3d 550, 458 N.E.2d 173.) Section 13—203, prior to the 1987 amendment read, in pertinent part: "Actions for damages *** shall be commenced within the same period of time as actions for damages for injury to such other person." Ill. Rev. Stat. 1985, ch. 110, par. 13—203.

Similarly, in a decision decided prior to the 1987 amendment, it was determined that a claim brought under the family expense statute did not enjoy the same tolling of the statute of limitations for minors as that applicable to the minor child's medical cause of action. (See Ill. Rev. Stat. 1987, ch. 110, par. 13—211; *Swider v. Holy Cross Hospital* (1986), 146 Ill. App. 3d 740, 497 N.E.2d 474.) In fact, every court to consider this issue prior to 1992 has ruled that the tolling provisions of section 13—211 apply only *if the person entitled to bring the action* is under the age of 18 years. See *Reimers*, 150 Ill. App. 3d 840, 502 N.E.2d 428; *Severe*, 120 Ill. App.

3d 550, 458 N.E.2d 173; *Fess v. Parke, Davis & Co.* (1983), 113 Ill. App. 3d 133, 446 N.E.2d 1255; see also *Curtis v. Womeldorff* (1986), 145 Ill. App. 3d 1006, 496 N.E.2d 500; *Northern Trust Co. v. Louis A. Weiss Memorial Hospital* (1986), 143 Ill. App. 3d 479, 493 N.E.2d 6.

However, plaintiffs assign error to each of the aforementioned appellate court decisions. They argue that *Fess* and its progeny misread the statutory intent and improperly cut off the parent's cause of action.

Plaintiffs contend that the 1987 amendment by Public Act 85—907 made the intent of the legislature clear by simply *restating* "same" time to specifically incorporate the tolling provision of section 13—211 into actions governed by section 13—203. They contend that a subsequent amendment should be considered in determining legislative intent (see *City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 429 N.E.2d 492), especially where the amendment merely restates the original intent (see *Bruni v. Department of Registration & Education* (1974), 59 Ill. 2d 6, 319 N.E.2d 37), and that it should be applied to all pending matters where the amendment simply clarifies the statute and corrects an ambiguity. *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 408 N.E.2d 204.

Defendants counter that at the time of the occurrence at issue in 1980, the statutes of limitations applicable to plaintiffs' claims were section 13—203 and section 13—212, which govern actions arising from injury to another purportedly caused by medical malpractice. (Ill. Rev. Stat. 1981, ch. 110, pars. 13—203, 13—212.) They urge this court to reject plaintiffs' contention that the limitations period for their cause of action is tolled during the child's minority.

Defendants also maintain that the 1987 amendment to section 13—203 does not affect the proper interpretation of its predecessor since a statutory amendment creates a presumption that the legislature intended the amendment to change the law as it formerly existed (*Sanchez v. Access Associates* (1989), 179 Ill. App. 3d 961, 966, 535 N.E.2d 27) and plaintiffs here did not overcome such presumption.

■ The legislative history of section 13—203 shows that Public Act 80—714, enacted by the legislature in 1977, consisted of one sentence: "Action for damages for loss of consortium or other actions derived from injury to the person of another should be commenced within the same period of time as actions for damages for

injury to such other person." This Act was codified as section 14.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 15.1) and later renumbered as section 13—203 of the Code of Civil Procedure (Ill. Rev. Stat. 1979, ch. 110, par. 13—203). Then, in 1987, Public Act 85—907 was passed as an amendment to Public Act 80—714 and provides:

> "Where the time in which the cause of action of the injured person whose injuries give rise to the cause of action brought under this Section is tolled or otherwise extended by any other Section of this Act, including Sections 13—211, 13—212 and 13—215, the time in which the cause of action must be brought under this Section is also tolled or extended to coincide with the period of time in which the injured person must commence his or her cause of action." Ill. Rev. Stat. 1987, ch. 110, par. 13—203.

As mentioned above, section 13—203, governing "loss of consortium" or "other actions," was a one-line section until amended by Public Act 85—907 in 1987. This amendment seems to be clear on its face that the time to bring an action pursuant thereto is tolled "[w]here the time in which the cause of action of the injured person whose injuries give rise to the cause of action brought under this Section is tolled." (Ill. Rev. Stat. 1987, ch. 110, par. 13—203.) It is likewise clear that an action for "loss of consortium" brought under section 13—203 by a third party would be tolled or extended to coincide with the period of time in which the injured person suffering from a legal disability or minority (see sections 13—211 and 13—212) could in fact bring his or her cause of action.

The question, however, remains what are "other actions deriving from injury to the person of another." Prior to the 1987 amendment, our court had interpreted section 13—203, by way of section 13—212, to include such actions as plaintiffs' claim here for extraordinary medical expenses on behalf of a minor in a medical malpractice action.

Defendants suggest that the Governor's veto and the legislature's acquiescence thereto in the foregoing proposed section 13—211.1 signalled the rejection altogether of allowing family medical expense claims to be brought pursuant to section 13—203. Yet, a review of the Governor's remarks, proposed section 13—211.1 and the current section 13—203 indicates that some of the same language proposed in section 13—211.1 found its way into section 13—203, especially the language specifically incorporating the tolling provisions of sections 13—211 and 13—212.

The better view suggests that "other actions" found in section 13—203 include the type of action brought by plaintiffs here and the amendment then would allow the parents' action to be tolled or extended to coincide with that of the minor child's action. Thus, we believe that there is merit in plaintiffs' argument regarding the tolling of claims, such as theirs, brought under the family expense statute in light of the amendment to section 13—203. In fact, our court has recently held that an action under the family expense statute accords plaintiff the same period of limitations as the person from whom the action is derived. See *Janetis v. Christensen* (1990), 200 Ill. App. 3d 581, 558 N.E.2d 304.

■ Nevertheless, assuming the applicability of the amended version of section 13—203 herein, such amendment cannot be used to retroactively alter the clear and unambiguous statutory language. *Roth v. Yackley* (1979), 77 Ill. 2d 423, 428, 396 N.E.2d 520.

Even assuming the amendment in question changes the law with regard to parents' family expense statute claims, the plaintiffs' contention here nonetheless fails because our supreme court has repeatedly pronounced that amendments which lengthen the statute of limitations must not be applied retroactively to revive a cause of action previously barred. See, *e.g., Conner v. Copley Press, Inc.* (1984), 99 Ill. 2d 382, 459 N.E.2d 966; *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489; *Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 380 N.E.2d 782.

Based upon the rules of statutory construction, we conclude that the amendment cannot be used to retroactively revive a cause of action previously barred. Furthermore, at the time of the occurrence in issue, the statute in effect did not specifically provide for incorporation of the tolling provisions found in the sections 13—211, 13—212 and 13—215.

Based on the foregoing, we affirm the judgment of the circuit court of Cook County in both appeals.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.