651 N.E.2d 643 (1995)
272 Ill. App.3d 742
209 Ill.Dec. 465
Yvonne DEWEY, Indiv. and as Mother and Next Friend of Jonathan Dewey, and Lindon Dewey, Plaintiffs-Appellants,
v.
Russell ZACK, Nancy S. Williams, H. Nutgrass, and Rochelle Community Hospital, Defendants-Appellees.
No. 2-94-0598.
Appellate Court of Illinois, Second District.
May 31, 1995.
*644 Kenneth C. Chessick, John W. Fisk, Cary S. Chessick, Patricia E. Raymond, Law Office of Kenneth C. Chessick, M.D., S.C., Schaumburg, for Lindon Dewey, Yvonne Dewey.
David P. Faulkner, Rockford, Hugh C. Griffin, Diane I. Jennings, Lord, Bissell & Brook, Chicago, for Russell Zack.
Gregory P. Guth, Eugene G. Doherty, Holmstrom & Kennedy, P.C., Rockford, for Haskell Nutgrass, Rochelle Community Hosp.
Kenneth W. Traum, Erik K. Jacobs, Kostantacos, Traum, Reuterfors & McWilliams, P.C., Rockford, for Nancy S. Williams.
Justice DOYLE delivered the opinion of the court:
Plaintiffs, Yvonne and Lindon Dewey, appeal from the dismissal of the four counts of their complaint premised on section 15 of the Rights of Married Women Act (Family Expense Act) (Ill.Rev.Stat.1987, ch. 40, par. 1015 (now codified, as amended, at 750 ILCS 65/15 (West 1992))). The circuit court of Ogle County found that the Family Expense Act counts were untimely and granted motions for judgment on the pleadings of defendants, Russell Zack, Nancy S. Williams, H. Nutgrass, and Rochelle Community Hospital. On appeal, plaintiffs contend that the trial court erred and that the Family Expense Act counts were timely filed.
Plaintiffs filed an eight-count complaint. The four Family Expense Act counts (one against each defendant) sought to recover medical and other expenses allegedly incurred by plaintiffs as a result of injuries to their minor son, Jonathan Dewey. In the other four counts (medical negligence counts) of the complaint, plaintiff Yvonne Dewey (plaintiff), as mother and next friend of Jonathan, alleged one count of medical negligence against each defendant. The medical negligence allegedly occurred on September 19 to 20, 1987, during the events surrounding Jonathan's birth. The medical negligence counts alleged that plaintiff did not discover Jonathan's injuries until 1992 when plaintiff was first informed that Jonathan had hypotonic cerebral palsy as a result of perinatal asphyxia. Plaintiffs filed their complaint on June 1, 1993. The parties agree that the medical negligence counts were timely filed because of extended limitations periods applicable to minors in their direct actions for medical negligence.
Two defendants raised the timeliness of the Family Expense Act counts as an affirmative defense. Plaintiffs answered by denying the defense and subsequently moved to strike the defense. Defendants responded by moving for judgment on the pleadings.
After a hearing on the matter, the trial court entered an order denying plaintiff's motion to strike the affirmative defense and granting defendants' motions for judgment on the pleadings. The appeal record does not contain a transcript of the hearing.
Plaintiffs filed a motion for reconsideration, and the parties submitted memoranda in support of their positions. On April 25, 1994, the trial court conducted a hearing on plaintiffs' motion for reconsideration. At the hearing, plaintiffs argued that under the plain language of section 13-203 of the Code of Civil Procedure (Code) (Ill.Rev.Stat.1987, ch. 110, par. 13-203 (now codified, as amended, *645 at 735 ILCS 5/13-203 (West Supp.1993))), as construed by Beck v. Yatvin (1992), 235 Ill.App.3d 1085, 177 Ill.Dec. 488, 603 N.E.2d 558, Family Expense Act claims are tolled when the underlying claim of a minor is tolled. Plaintiffs asserted that their Family Expense Act counts were tolled and timely filed because the underlying medical negligence counts in this case were tolled and timely filed due to Jonathan's minority.
The trial court determined that its prior ruling was correct and entered an order denying plaintiffs' motion for reconsideration. The order contained language permitting an immediate appeal pursuant to Supreme Court Rule 304(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994).
On appeal, plaintiffs contend that the trial court erred when it granted defendants' motions for judgment on the pleadings and dismissed the Family Expense Act claims on the basis of timeliness. Plaintiffs maintain that section 13-203, as amended, effective November 23, 1987 (1987 amendment), applied to their Family Expense Act claims. Plaintiffs assert that under the 1987 amendment to section 13-203 the extended limitations periods applicable to Jonathan on his direct medical negligence claims also applied to plaintiffs' Family Expense Act claims.
Plaintiffs argue that under the 1987 amendment to section 13-203 the extended limitations periods gave them two years after discovering Jonathan's injuries to file their Family Expense Act claims as long as they filed the claims within eight years after the date of Jonathan's injuries. Plaintiffs maintain that they timely filed their Family Expense Act claims because they filed them less than two years after discovering Jonathan's injuries and less than eight years after the occurrence of the injuries.
Defendants respond that the version of section 13-203 in effect when Jonathan's injuries allegedly occurred in September 1987 (unamended version) governed plaintiffs' Family Expense Act claims. Defendants contend that under the unamended version of section 13-203 extended limitations periods applicable to underlying claims, such as Jonathan's medical negligence claims, did not apply to Family Expense Act claims. Defendants argue that if the extended limitations periods of the underlying claims are appropriately not applied to plaintiffs' Family Expense Act claims, then the Family Expense Act claims were untimely because the applicable period of repose was only four years and plaintiffs filed their Family Expense Act claims more than four years after Jonathan's alleged injuries.
Alternatively, defendants contend that even if the 1987 amendment to section 13-203 governed at the time plaintiffs made their Family Expense Act claims, the claims were still untimely. Defendants assert that after its 1987 amendment section 13-203 no longer applied to Family Expense Act claims, and the period of repose remained four years, so that plaintiffs' claims were still untimely even under the 1987 amendment to section 13-203.
The legislature amended section 13-203 effective November 23, 1987, approximately two months after Jonathan's injuries allegedly occurred. After the 1987 amendment, section 13-203 provided as follows:
"Loss of consortiumInjury to person. Actions for damages for loss of consortium or other actions deriving from injury to the person of another, except damages resulting from first degree murder or the commission of a Class X felony, shall be commenced within the same period of time as actions for damages for injury to such other person. Where the time in which the cause of action of the injured person whose injuries give rise to the cause of action brought under this Section is tolled or otherwise extended by any other Section of this Act, including Sections 13-211, 13-212 and 13-215, the time in which the cause of action must be brought under this Section is also tolled or extended to coincide with the period of time in which the injured person must commence his or her cause of action." Ill.Rev.Stat.1987, ch. 110, par. 13-203 (now codified, as amended, at 735 ILCS 5/13-203 (West Supp.1993)).
The 1987 amendment added the second sentence to section 13-203. (Pub.Act 85-907, eff. November 23, 1987 (1987 Illinois Laws *646 3831-32).) Prior to the 1987 amendment, and at the time Jonathan's injuries allegedly occurred, section 13-203 consisted of the first sentence only. The 1987 amendment did not change the first sentence in any way. Pub. Act 85-907, eff. November 23, 1987 (1987 Illinois Laws 3831).
The Family Expense Act (Ill.Rev. Stat 1987, ch. 40, par. 1015 (now 750 ILCS 65/15 (West 1992))) requires parents to pay for certain expenses of their minor children, including medical expenses. (In re Estate of Hammond (1986), 141 Ill.App.3d 963, 965, 96 Ill.Dec. 270, 491 N.E.2d 84.) Consequently, a cause of action to recover for the expenses of minors governed by the Family Expense Act, including medical expenses, lies in the parents, not in the child. Hammond, 141 Ill.App.3d at 965, 96 Ill.Dec. 270, 491 N.E.2d 84.
Prior to the 1987 amendment to section 13-203, the appellate court repeatedly determined that section 13-203 governed the limitations periods for Family Expense Act claims because they were derivative claims. (See, e.g., Janetis v. Christensen (1990), 200 Ill.App.3d 581, 588, 146 Ill.Dec. 341, 558 N.E.2d 304; Severe v. Miller (1983), 120 Ill.App.3d 550, 554-55, 76 Ill.Dec. 34, 458 N.E.2d 173.) This was because the right of action to recover medical expenses, and other expenses governed by the Family Expense Act, arose out of the injury to another, a minor. (Beck v. Yatvin (1992), 235 Ill.App.3d 1085, 1087, 177 Ill.Dec. 488, 603 N.E.2d 558.) However, the appellate court also consistently held that under the unamended version of section 13-203 extended limitations periods applicable to minors in their direct actions did not apply to the Family Expense Act claims of parents. See, e.g., Beck v. Yatvin (1992), 235 Ill.App.3d 1085, 1087, 177 Ill.Dec. 488, 603 N.E.2d 558; Janetis v. Christensen, 200 Ill.App.3d at 589, 146 Ill.Dec. 341, 558 N.E.2d 304; Reimers v. Honda Motor Co. Inc. (1986), 150 Ill.App.3d 840, 842, 104 Ill.Dec. 165, 502 N.E.2d 428; Swider v. Holy Cross Hospital (1986), 146 Ill.App.3d 740, 742, 100 Ill.Dec. 496, 497 N.E.2d 474; Northern Trust Co. v. Louis A Weiss Memorial Hospital (1986), 143 Ill.App.3d 479, 493, 97 Ill.Dec. 524, 493 N.E.2d 6; Severe v. Miller, 120 Ill.App.3d at 554, 76 Ill.Dec. 34, 458 N.E.2d 173; Fess v. Parke, Davis & Co. (1983), 113 Ill.App.3d 133, 135, 68 Ill.Dec. 858, 446 N.E.2d 1255.
In the light of this authority, if the unamended version of section 13-203 governed this case, the trial court's ruling that plaintiffs' Family Expense Act claims were untimely would be correct. Under the unamended version of section 13-203, the statute of limitations and period of repose applicable to Family Expense Act claims derived from medical negligence actions, such as in this case, were two years and four years, respectively. (See Ill.Rev.Stat.1987, ch. 110, par. 13-212 (now codified, as amended, at 735 ILCS 5/13-212 (West 1992)).) Thus, if the unamended version of section 13-203 governed this action, plaintiffs' Family Expense Act claims would have been untimely because they would not have been filed until after the four-year statute of repose had run. The fact that plaintiffs filed their claims within two years after the injuries were discovered would not change this. See Mega v. Holy Cross Hospital (1986), 111 Ill.2d 416, 422, 95 Ill.Dec. 812, 490 N.E.2d 665 (period of repose terminates possibility of liability regardless of potential plaintiff's lack of knowledge of his cause of action).
However, plaintiffs contend that the 1987 amendment to section 13-203 governed their Family Expense Act claims and that under the 1987 amendment their claims were timely. Plaintiffs maintain that the limitations statute in effect when a cause of action accrues determines the limitation periods applicable to the cause of action. Plaintiffs argue that their cause of action accrued when they discovered Jonathan's injuries in 1992 and that the amended version of section 13-203 was in effect at that time.
We agree that the 1987 amendment to section 13-203, if that section was still applicable to Family Expense Act claims, governed plaintiffs' Family Expense Act claims. However, we disagree with plaintiffs' reasoning as to why the amended version would govern.
As noted above, if a period of repose expires before a potential plaintiff discovers *647 his cause of action, the possibility of liability is terminated regardless of the plaintiff's knowledge of his right to the cause of action. (Mega, 111 Ill.2d at 422, 95 Ill.Dec. 812, 490 N.E.2d 665.) However, where a limitation period has not expired prior to the enactment of an amendment which lengthens the limitation period, the amendment controls all actions and remedies not previously barred. Arnold Engineering, Inc. v. Industrial Comm'n (1978), 72 Ill.2d 161, 165, 20 Ill.Dec. 573, 380 N.E.2d 782.
In this case, the limitations periods applicable to plaintiffs under the unamended version of section 13-203 had not expired prior to the enactment of the 1987 amendment to section 13-203. The unamended version of section 13-203 was in effect when Jonathan's injuries allegedly occurred on September 19 to 20, 1987. Under the unamended version of section 13-203, plaintiffs had two years from the date of discovery of Jonathan's injuries, and a period of repose of four years, to file the Family Expense Act claims. Two months after Jonathan's birth, before either of these limitations periods ran out, the legislature amended section 13-203. Thus, under Arnold Engineering, if after the 1987 amendment section 13-203 still applied to Family Expense Act claims and lengthened the limitations periods governing Family Expense Act claims, then the 1987 amendment to section 13-203 applied to plaintiffs' Family Expense Act claims and lengthened the applicable limitations periods.
Before we address the question of whether the 1987 amendment to section 13-203 lengthened the applicable limitations periods for Family Expense Act claims, we first address defendants' argument that the 1987 amendment did not apply to Family Expense Act claims. Defendants argue that even if the 1987 amendment to section 13-203 was in force as to claims filed when plaintiffs filed their claims, plaintiffs' claims were nonetheless untimely because section 13-203 no longer applied to Family Expense Act claims. Defendants base their argument primarily on their analysis of the legislative history of the 1987 amendment to section 13-203.
In Beck v. Yatvin (1992), 235 Ill.App.3d 1085, 177 Ill.Dec. 488, 603 N.E.2d 558, a case involving Family Expense Act claims derived from the medical negligence claims of a minor, the appellate court previously considered an argument similar to defendants' argument and rejected it. Although the Beck court determined that the unamended version of section 13-203 was controlling in that case, the court nonetheless analyzed the effect of the 1987 amendment as follows:
"As mentioned above, section 13-203, governing `loss of consortium' or `other actions,' was a one-line section until amended by Public Act 85-907 in 1987. This amendment seems to be clear on its face that the time to bring an action pursuant thereto is tolled `[w]here the time in which the cause of action of the injured person whose injuries give rise to the cause of action brought under this Section is tolled.' (Ill.Rev.Stat.1987, ch. 110, par. 13-203.) It is likewise clear that an action for `loss of consortium' brought under section 13-203 by a third party would be tolled or extended to coincide with the period of time in which the injured person suffering from a legal disability or minority (see sections 13-211 and 13-212) could in fact bring his or her cause of action.
The question, however, remains what are `other actions deriving from injury to the person of another.' Prior to the 1987 amendment, our court had interpreted section 13-203, by way of section 13-212, to include such actions as plaintiffs' claim here for extraordinary medical expenses on behalf of a minor in a medical malpractice action.
Defendants suggest that the Governor's veto and the legislature's acquiescence thereto in the foregoing proposed section 13-211.1 signalled the rejection altogether of allowing family medical expense claims to be brought pursuant to section 13-203. Yet, a review of the Governor's remarks, proposed section 13-211.1 and the current section 13-203 indicates that some of the same language proposed in section 13-211.1 found its way into section 13-203, especially the language specifically incorporating the tolling provisions of sections 13-211 and 13-212.

*648 The better view suggests that `other actions' found in section 13-203 include the type of action brought by plaintiffs here and the amendment then would allow the parents' action to be tolled or extended to coincide with that of the minor child's action. Thus, we believe that there is merit in plaintiffs' argument regarding the tolling of claims, such as theirs, brought under the family expense statute in light of the amendment to section 13-203. In fact, our court has recently held that an action under the family expense statute accords plaintiff the same period of limitations as the person from whom the action is derived. See Janetis v. Christensen (1990), 200 Ill.App.3d 581, 146 Ill.Dec. 341, 558 N.E.2d 304." Beck, 235 Ill.App.3d at 1089-90, 177 Ill.Dec. 488, 603 N.E.2d 558.
We recognize that the Beck court's analysis of the 1987 amendment was dicta; however, it is persuasive and we adopt it in this case. Defendants' argument that section 13-203 no longer applied to Family Expense Act claims is unpersuasive. The language of the first sentence of the unamended version of section 13-203 did not change in the amended version. Prior to the amendment, courts consistently construed this language to mean that section 13-203 applied to Family Expense Act claims because they were derivative claims. Nothing in the nature of these claims has changed. They are still derivative claims. Accordingly, we hold that the 1987 amendment to section 13-203 applies to Family Expense Act claims because they are derivative claims within the meaning of the language in section 13-203 referring to "other actions deriving from the injury of another."
Having determined that section 13-203, as amended in 1987, continued to apply to Family Expense Act claims, we now address the question of whether the 1987 amendment lengthened the limitations periods applicable to plaintiffs' Family Expense Act claims. Because Jonathan's direct claims against defendants are medical negligence claims, section 13-212 of the Code codifies the limitations periods applicable to Jonathan's claims. Section 13-212 provides for a period of repose of eight years when the injured party is a minor. (Ill.Rev.Stat. 1987, ch. 110, par. 13-212 (now codified, as amended, at 735 ILCS 5/13-212 (West 1992)).) The 1987 amendment to section 13-203 specifically provides that the extended limitations periods of section 13-212 apply to derivative claims brought under section 13-203. Therefore, under the plain language of the 1987 amendment to section 13-203, the extended limitations periods applicable to Jonathan's direct cause of action also apply to plaintiffs' Family Expense Act claims which were brought under section 13-203. Because we detect no ambiguity in the 1987 amendment, we will not undertake an interpretation of the related legislative process. Maske v. Kane County Officers Electoral Board (1992), 234 Ill.App.3d 508, 513, 175 Ill.Dec. 582, 600 N.E.2d 513.
Under the extended limitations periods applicable to plaintiffs' Family Expense Act claims pursuant to the 1987 amendment to section 13-203, plaintiffs' Family Expense Act claims were timely. Plaintiffs alleged that they discovered the injuries giving rise to their Family Expense Act claims in 1992. Plaintiffs filed their Family Expense Act claims on June 1, 1993. Plaintiffs therefore filed their claims within two years of the discovery of the injuries, thereby satisfying the general statute of limitations provided by section 13-212, even if it still applied to plaintiffs' claims. Jonathan's injuries allegedly occurred on September 19 to 20, 1987. Plaintiffs filed their Family Expense Act claims on June 1, 1993. Thus, plaintiffs filed their claims less than eight years after the date of the occurrences which allegedly caused Jonathan's injuries, i.e., within the applicable period of repose under the 1987 amendment to section 13-203. Accordingly, under the 1987 amendment to section 13-203, plaintiffs timely filed their Family Expense Act claims, and the trial court erred when it ruled the claims were untimely.
After plaintiffs filed their appeal, defendants filed a motion with this court. The motion was taken with the case. The motion sought to strike certain portions of plaintiffs' appellate briefs which argued that section 13-205 of the Code could apply to this case if section 13-203 did not apply and that the *649 date a party discovers medical negligence injuries determines the applicable version of relevant limitations statutes. In the light of our decision, which does not rely on either of these arguments in any respect, the issues raised in defendants' motion are moot. For that reason, we deny defendants' motion which was taken with the case.
Based on the foregoing, the judgment of the circuit court is reversed, and this cause is remanded to the circuit court for further proceedings.
Reversed and remanded.
McLAREN, P.J., and RATHJE, J., concur.