JANIS LYNNETTE VAUGHAN v. GEORGE ALLEN MOORE

No. 8714SC982

(Filed 5 April 1988)

1. **Appeal and Error § 6— partial summary judgment—right of immediate appeal**
   In an action to recover damages resulting from an automobile accident, partial summary judgment for defendant on the issue of liability for medical expenses plaintiff incurred before she reached the age of majority was immediately appealable since plaintiff has a substantial right to have all of her damage claims arising out of the accident tried before the same trier of fact.

2. **Infants § 3; Parent and Child § 5.1— medical expenses during minority—waiver by parent—expired statute of limitations—no right of child to recover**
   Although plaintiff obtained a waiver and assignment of her mother's claim for medical expenses incurred by plaintiff during her minority as a result of an automobile accident allegedly caused by defendant's negligence, she was not entitled to recover those medical expenses from defendant after reaching majority where she obtained the waiver and assignment more than four years after the cause of action arose and the mother's claim would essentially be extended beyond its three-year statute of limitations if effect were given to the waiver and assignment. N.C.G.S. § 1-17(a) (1983).

APPEAL by plaintiff from *James H. Pou Bailey, Judge*. Order entered 21 September 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 8 March 1988.

*Pulley, Watson, King & Hofler, P.A., by W. Paul Pulley, Jr. and Tracy K. Lischer, for plaintiff-appellant.*

*Bryant, Patterson, Covington & Idol, P.A., by Lee A. Patterson, II, for defendant-appellee.*

BECTON, Judge.

Plaintiff, Janis Lynnette Vaughan, brought this personal injury action against defendant, George Allen Moore, to recover damages resulting from an automobile accident allegedly caused by defendant's negligence. The trial judge granted defendant's motion for partial summary judgment on the issue of defendant's liability to plaintiff for medical expenses she incurred before she reached the age of majority. We affirm.

I

Plaintiff alleges that she was injured when the automobile driven by defendant, and in which she was a passenger, careened off the highway and struck a utility pole in July 1983. Plaintiff was 15 years old at the time. Plaintiff alleged that the accident was caused by defendant's negligence. She sought relief in the amount of $264,790.95, of which $14,790.95 was for medical expenses. She also sought future medical expenses in the amount between $8,500.00 and $11,000.00. She brought the action in March 1986. On 10 September 1987, defendant moved for summary judgment on plaintiff's claim for all medical expenses incurred before her eighteenth birthday. On 21 September 1987 plaintiff obtained a waiver and assignment of claim from her mother, who was her only living parent at the time of the accident.

II

[1] Before we address the issue raised by plaintiff's appeal, we must first consider whether the appeal is interlocutory and premature.

If partial summary judgment is final as to the matters adjudicated therein, or if it affects a substantial right, it is immediately appealable. *Beck v. American Bankers Life Assurance Co. of Florida*, 36 N.C. App. 218, 243 S.E. 2d 414 (1978). In *Olive v. Great American Ins. Co.*, 76 N.C. App. 180, 333 S.E. 2d 41, *disc. rev. denied*, 314 N.C. 668, 336 S.E. 2d 400 (1985), this Court held that a

substantial right was affected, when the trial judge granted partial summary judgment regarding plaintiff's second and third claims concerning tortious breach of contract and punitive damages, although plaintiff's first claim for breach of contract remained live, stating that plaintiffs have a substantial right to have all of their factually related claims tried before the same judge and jury. Similarly, plaintiff in the instant case has a substantial right to have all of her damages claims arising out of the accident tried before the same trier of fact.

[2]   We now turn to plaintiff's assignment of error. Plaintiff contends that the trial judge erred by granting defendant's motion for partial summary judgment on the ground that plaintiff, even after reaching majority, may not recover medical expenses incurred during minority.

In North Carolina, an injury to a minor creates two causes of action: (1) the parents may recover for the child's lost earnings and medical expenses during minority, and (2) the minor may recover for pain and suffering and impairment of future earning capacity. *Ellington v. Bradford*, 242 N.C. 159, 160, 86 S.E. 2d 925, 926 (1955). However, in *Ellington*, the parent's right was deemed waived in an action by the parent to recover as "next friend" on behalf of the minor. The minor was allowed to recover the full amount to which both he and the parent were entitled. Plaintiff argues that, in light of *Ellington* and N.C. Gen. Stat. Sec. 1-17(a) (1983) which permits a minor to bring an action within three years of the removal of their disability, she should be permitted to recover the full amount including her mother's claim for the lost wages and medical expenses during minority, because her mother expressly waived her right to recover. Although we agree with plaintiff that case precedent is favorable, particularly in other jurisdictions, and that public policy, which favors payment of health care providers and disfavors subjecting defendants to the risk of double liability, is also served by permitting recovery by the minor when majority is reached and the parent's claim is waived, we cannot subscribe to such a rule in the instant case. Plaintiff obtained the waiver and assignment from her mother on 21 September 1987, more than four years after the cause of action arose. Thus, in order to give effect to the waiver, we would essentially extend the parent's claim beyond its three-year statute of limitations. We decline to do so. Judgment is therefore

Affirmed.

Judges ARNOLD and PARKER concur.