631 A.2d 429

Ana G. GARAY et al.

v.

Mildred Irene OVERHOLTZER.

No. 14, Sept. Term, 1993.

Court of Appeals of Maryland.

Oct. 4, 1993.

**340**

342

Theodore A. Miller, Rockville, for appellant.

Jeffrey T. Brown, Budow and Noble, P.C., on brief, Bethesda, for appellee.

Before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

On December 10, 1986, while walking between several parked cars, Reynaldo Augusti Garay, a two and one-half-year-old boy, emerged from between the parked cars and was struck and injured by an automobile driven by Mildred Irene Overholtzer. Nearly five years later, on November 18, 1991, a two-count complaint was filed by Reynaldo and Reynaldo's

parents, Ana G. Garay and Reynaldo A. Garay, against Overholtzer in the Circuit Court for Montgomery County.[1] In the first count of the complaint, the minor through his mother as next friend alleged that as a result of Overholtzer's negligence he sustained "great bodily injury, disability, pain and suffering . . . as well as disfigurement which will continue for the rest of his natural life," for which he sought $1,000,000 in damages. In the second count, the parents alleged that, as a result of Overholtzer's negligence, their son sustained injuries for which "they have expended great sums of time and money and will continue to expend great sums of time and money for their son's recovery during his minority," for which they sought $500,000 in damages.

Overholtzer moved to dismiss the second count of the complaint for failure to state a claim upon which relief could be granted. *See* Maryland Rule 2–322(b)(2). Overholtzer's motion asserted that under Maryland law the parents of a minor child are responsible for the child's medical care and that the parents' claim for medical expenses incurred on behalf of their son accrued on the date of the accident. Overholtzer further contended that, by failing to file a complaint within three years from the date of the accident, the parents' claim for medical expenses was barred by Maryland's general three-year statute of limitations.[2] At the conclusion of a hearing on September 2, 1992, Judge J. James McKenna granted Overholtzer's motion to dismiss the second count in the complaint.

---

**1.** The record indicates that a prior action involving claims for damages arising out of this accident was filed in early December of 1989. This prior action was voluntarily dismissed sometime late in 1990 after discovery revealed that the named defendant in the complaint was the driver's daughter.

**2.** Maryland Code (1974, 1989 Repl.Vol.), § 5–101 of the Courts Article provides:

"A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."

On the very next day, the minor through his mother as next friend filed an amended complaint, containing a single count. In this amended complaint, the minor alleged in relevant part:

"3. That as a result of the negligence of [Overholtzer], great bodily injury, disability, pain, and suffering, were suffered by the [minor] as well as disfigurement which will continue for the rest of his natural life.

"4. By reason of the negligence of [Overholtzer] large sums have been expended for his medical care and great sums will be incurred on his behalf and by him for future medical services during and after his minority."

The amended complaint sought $1,000,000 in damages from Overholtzer.

Overholtzer moved to dismiss the amended complaint for failure to state a claim upon which relief could be granted. Overholtzer asserted that the right to bring a cause of action to recover the sums expended for medical care rests solely with the parents of the minor, that the minor is under no legal obligation to pay for his medical care, that the minor lacks standing to pursue a claim for recovery of sums expended for his medical care, and that, because the parents' claim for medical expenses is barred by limitations, an attempt by the minor to bring the claim amounts to an invalid assignment of the claim.

At the conclusion of a hearing on November 10, 1992, Judge McKenna granted Overholtzer's motion to dismiss the amended complaint. The parents of the minor filed appeals from both judgments to the Court of Special Appeals, which consolidated the appeals. Prior to any consideration of the case by the intermediate appellate court, we issued a writ of certiorari to determine heretofore undecided questions relating to the recovery of medical expenses when a minor is negligently injured.

I.

Maryland Code (1984, 1991 Repl.Vol.), § 5–203(b)(1) of the

Family Law Article provides that "[t]he parents of a minor [3] child . . . are jointly and severally responsible for the child's support, care, nurture, welfare, and education. . . ." For a chronological history of § 5–203(b)(1), see *Middleton v. Middleton*, 329 Md. 627, 633, 620 A.2d 1363, 1366 (1993). With regard to this statutory obligation, we have previously stated "[w]hile this statute does not mention 'medical care' in specific terms, we have no hesitancy in holding that it is embraced within the scope of the broad language used." *Craig v. State*, 220 Md. 590, 596, 155 A.2d 684, 688 (1959); *see also State v. Fabritz*, 276 Md. 416, 425, 348 A.2d 275, 280 (1975); *Levitsky v. Levitsky*, 231 Md. 388, 397, 190 A.2d 621, 625 (1963).[4]

■ It is well settled that when a person negligently injures a minor two separate causes of action arise; the minor child has a cause of action for injuries suffered by it, and the parent or parents of the minor child have a cause of action for loss of services and for medical expenses incurred by the parent for the treatment of the minor's injuries. *Hudson v. Hudson*, 226 Md. 521, 174 A.2d 339 (1961); *see also Meyers v. Meagher*, 277 Md. 128, 352 A.2d 827 (1976); *County Comm'rs v. Hamilton*, 60 Md. 340 (1883); John H. Derrick, Annotation, *Tolling of Statute of Limitations, on Account of Minority of Injured Child, as Applicable to Parent's or Guardian's Right of Action Arising Out of Same Injury*, 49 A.L.R.4th 216 (1986 & Supp.1992); L.S. Tellier, Annotation, *What Items of Damages on Account of Personal Injury to Infant Belong to Him, and What to Parent*, 32 A.L.R.2d 1060 (1953, Supp.1989, & Supp. 1993).

---

**3.** Md.Code (1957, 1990 Repl.Vol.), Article 1, § 24(b)(2) provides: "The term 'minor', as it pertains to legal age and capacity, refers to persons who have not attained the age of eighteen years."

**4.** In *Craig v. State*, 220 Md. 590, 155 A.2d 684 (1959), we were referring to Md.Code (1957), Article 72A, § 1, which was the predecessor to § 5–203 of the Family Law Article. Chapter 296 of the Acts of 1984 created the Family Law Article and transferred without substantive change the provisions in Article 72A, § 1 to § 5–203 of the Family Law Article.

In *Hudson v. Hudson, supra,* a mother brought two separate suits against a tortfeasor whose negligence injured her daughter. One suit was brought by the mother as next friend of her daughter for personal injuries to the daughter. The second suit was filed in her individual capacity for reimbursement of necessary medical expenses incurred by the mother. With regard to the separate causes of action, we stated:

"There can be no doubt that the mother was charged with the support, care, nurture and welfare of her infant daughter until the minor's marriage, the father being deceased. Code (1957), Article 72 A, Section 1. It is almost if not universally recognized that one tortious act may give rise to two or more separate and distinct causes of action; and it is very generally held that where a person negligently injures an infant, under circumstances that create legal liability to the infant, ... ordinarily there arises in the parent or parents of said infant a right of action for loss of services (if such loss can be proven) and for doctors' bills and medical and hospital expenses necessarily and reasonably incurred by the parent for the treatment of the injuries, in those cases where the parent is primarily responsible therefor; and this cause of action is quite separate and apart from any right of action that the infant may have for his or her injuries. And the parent who has actually incurred the obligation to pay for such medical services is entitled to recover for them, although the bill for them has not, in fact, been paid."

226 Md. at 527–28, 174 A.2d at 342 (footnotes omitted). Rejecting the notion that the parent's cause of action for medical expenses was part of the minor's action, we reasoned:

"The [tortfeasor] relies heavily upon the case of *Callies v. Reliance Laundry Co.,* [188 Wis. 376] 206 N.W. 198 (Wisc.1925). It is true that the Court in that case (involving negligent injury to a minor by automobile) used some rather broad language and subtle reasoning, and came to the conclusion that the parent's right of action for loss of services and medical expenses of a minor child was really a part of the child's cause of action, and was, therefore,

derivative in nature and analogous to an assigned contract;
. . . .

"The reasoning in the *Callies* case (as well as the result) is criticized by Dean Prosser, *Prosser, op. cit.*, p. 702, and other writers upon the subject. 39 Am.Jur., *Parent and Child*, § 74, says: "Although it has been said that the parent's cause of action is merely a part of the child's cause of action, [citing *Callies* ] * * * it would seem that, properly considered, the two rights of action are entirely separate and distinct. The parent is not, as is sometimes held, [again citing *Callies* ] a mere assignee of a part of the child's cause of action. In other words, when a minor child is injured, two causes of action immediately spring into existence: * * *." See also 42 A.L.R. 717, 723, 724. We have little difficulty in reaching the conclusion that the prevailing view is the proper one; namely, that where a parent is entitled to recover for medical expenses incurred as a result of negligent injuries to his minor child, the parent's cause of action is not derivative, in a legal sense, from the infant's cause of action, but is a separate and distinct ground for recovery vested in the parent."

226 Md. at 528–30, 174 A.2d at 343. That separate causes of action exist in the minor and parent was further evidenced by our holding in *Hudson* that a procedural bar[5] to the minor's suit would not preclude the separate parental action, if all the elements of liability to the minor existed. We quoted from the Restatement of Torts, § 703(b) (1938):

"One who by reason of his tortious conduct is liable to a minor child for illness or other bodily harm is subject to liability to

* * * * * *

---

**5.** In *Hudson*, subsequent to the accident causing her injuries, the minor marred the tortfeasor and at that time was barred from suing her husband by the common law doctrine of interspousal immunity. Since *Hudson*, the doctrine of interspousal immunity has been abrogated in cases sounding in negligence. *See Boblitz v. Boblitz*, 296 Md. 242, 462 A.2d 506 (1983).

"(b) the parent who is under a legal duty to furnish medical treatment for any expenses reasonably incurred or likely to be incurred for such treatment during the child's minority.

"*Comment:*

"*a. Child's contributory fault or consent.* The rule stated in this Section is applicable only if the actor is liable to a child for a tort committed against it. All the elements of liability to the child must exist, including the tortious conduct of the actor, the resulting harm to the child and the latter's freedom from such fault as would bar a recovery by it. * * *.

"*b. Separate character of action.* The liability to the parent stated in this Section is distinct from the liability of the actor to the child. Damages recoverable in the one action are not recoverable in the other; a judgment obtained and satisfied in one action will not prevent a recovery in the other; a release by the one will not affect the other's recovery; a waiver by the child of his own right of action will not affect the parent's recovery; and an abatement by the death of either the parent or the child will not bar a recovery by the other. Moreover a procedural bar which prevents the child from maintaining an action for the harm which it has sustained will not affect the parent's action. Thus, neither the expiration of the statute of limitations as to the child's cause of action, nor the death of the child, will bar an action by the parent. * * *.

 * * * * * *

"*e.* * * *. A parent can recover for reasonable medical expenses incurred or likely to be incurred for his child's treatment, although he is not entitled to the custody and earnings of the child, if by law he is under the duty of supplying the child with such treatment."

226 Md. at 530–31, 174 A.2d at 343–44.

## A.

The appellants mount a three-pronged attack on the circuit court's dismissal of both the second count of the original

complaint and the entire amended complaint. First, the appellants assert that the parents' claim for medical expenses incurred as a result of the negligent injuries to their minor child is tolled during their child's minority. Second, the appellants contend that the parents, by bringing a suit as next friends of their injured minor child, in which a claim is included for medical expenses, waive to the minor the right to recover for the medical expenses. Moreover, the appellants argue that their waiver of the right to recover the medical expenses may occur at any time during the minority of the child, notwithstanding that the statute of limitations has run against the parents' claim for medical expenses. Finally, assuming that the claim for medical expenses may not be waived in favor of the minor, the appellants posit that the minor has its own independent standing to bring the claim for medical expenses.

B.

■ We note that this appeal reaches us following separate dismissals of the second count of the plaintiffs' original complaint and of the plaintiffs' entire amended complaint pursuant to Md.Rule 2–322(b)(2). In reviewing these judgments, we assume the truth of all relevant and material facts well pleaded and all inferences which can be reasonably drawn from those facts. *See Stone v. Chicago Title Ins. Co.*, 330 Md. 329, 333–34, 624 A.2d 496, 498 (1993) and cases cited therein. As such, the second count of the original complaint embodies a claim by the parents of the injured minor for pre-majority medical expenses, including paid medical expenses, incurred but unpaid medical expenses, and future medical expenses needed by the minor prior to reaching majority. The amended complaint embodies claims by the minor for personal injuries and for medical expenses. The minor's claim for medical expenses includes both future medical expenses during and after his minority and medical expenses for which someone has paid or is obligated to pay.

## II.

In contending that the parents' claim for medical expenses should be tolled during their child's minority, the plaintiffs argue essentially for compulsory joinder of the parents' claim for medical expenses and the child's own claim for personal injuries. If the parents' claim for medical expenses and the child's own claim for personal injuries are required to be brought in one action, the plaintiffs assert that this action enjoys the benefits of Md.Code (1974, 1989 Repl.Vol.), § 5–201 of the Courts Article. Section 5–201 provides in relevant part:

"(a) *Extension of time.*—When a cause of action subject to a limitation under Subtitle 1 of this title accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

"(b) *Exception.*—This section does not apply if the statute of limitations has more than three years to run when the disability is removed."

In arguing for compulsory joinder of the parents' claim for medical expenses and the child's own claim for personal injuries, plaintiffs rely upon the joint cause of action we required in *Deems v. Western Maryland Railway Co.*, 247 Md. 95, 231 A.2d 514 (1967). In *Deems*, after years of permitting a husband to recover for loss of consortium due to an injury to his wife as a result of the negligence of a third person but denying a concomitant right to a wife to recover for loss of consortium due to an injury to her husband, we recognized a joint cause of action for injury to the marital relationship. After recognizing the joint action for injury to the marital relationship, evincing a concern against double recovery, and in order to avoid the constitutional issue of whether unequal treatment of men and women denied women equal protection of the laws, we stated:

"[W]e hold that, when either husband or wife claims loss of consortium by reason of physical injuries sustained by the other as the result of the alleged negligence of the defendant, that claim can only be asserted in a joint action for

injury to the marital relationship. That action is to be tried at the same time as the individual action of the physically injured spouse."

247 Md. at 115, 231 A.2d at 525.

The reasons justifying the change in the common law governing spousal claims for loss of consortium are in no way analogous to the issue of whether there should be compulsory joinder of the claims of the parents and child in the instant case, and consequently, *Deems* is inapposite to the issue of compulsory joinder posed in the instant case.

In addition to *Deems*, plaintiffs rely on *Korth v. American Family Insurance Co.*, 115 Wis.2d 326, 340 N.W.2d 494 (Wis. 1983), for support of their contention that the parents' claim for medical expenses should be joined with the minor's claim for personal injuries and that both are tolled by § 5–201 of the Courts Article. In *Korth*, a minor, who had been bitten by a dog, and her parents filed a suit during the child's minority but after Wisconsin's general three-year statute of limitations had run. The minor's claim was for her personal injuries and her parents' claims were for medical expenses and loss of society and companionship arising from the injury to their daughter. The Supreme Court of Wisconsin stated that "[a]lthough there are strong public policy reasons for applying the three-year statute of limitations to the parents' claims, there are equally strong public policy reasons for applying the minor's disability tolling provision." *Korth*, 115 Wis.2d at 333–34, 340 N.W.2d at 497. The Supreme Court of Wisconsin went on to hold that since the parents'. claims were filed along with that of the minor child, the parents' claims were entitled to the benefit of the statute tolling the period for filing the child's claim.

Eight years prior to *Korth*, the Supreme Court of Wisconsin decided *Shockley v. Prier*, 66 Wis.2d 394, 225 N.W.2d 495 (1975), presaging the result that was reached in *Korth*. In *Shockley*, the Supreme Court of Wisconsin first recognized the parental cause of action for loss of society and companionship of the injured child. The *Shockley* court required the parental

cause of action for loss of society and companionship to be brought in the same action as that of the child's claim for the child's personal injuries. 66 Wis.2d at 404, 225 N.W.2d at 501.

In determining that the statute tolling limitations for a minor's action during the minority of the child also applied to a claim by a parent for medical expenses arising out of the injury to the child, the court in *Korth* reasoned:

"We begin with three undisputed, settled principles. First, two causes of action arise for injury to a child: the child's for the injury to the child and the parents' for the invasion of the parents' interests. Second, parents may maintain an action against a negligent tortfeasor for medical expenses and loss of society and companionship of an injured child. *Shockley v. Prier*, 66 Wis.2d 394, 225 N.W.2d 495 (1975). Third, the parents' cause of action for loss of society and companionship must be 'combined with that of the child for personal injuries.' *Shockley v. Prier, supra*, 66 Wis.2d at 404, 225 N.W.2d 495. Although *Shockley* apparently does not require the joinder of the parent's claim for medical expenses with the child's claim, as a practical matter the parent's claim for medical expenses should be joined with the parent's claim for loss of society and companionship. The *Shockley* joinder requirement protects the defendants from multiple litigation and inconsistent judgments and it protects the public's interest in the prompt, complete efficient settlement of controversies in one proceeding."

115 Wis.2d at 330–31, 340 N.W.2d at 496.

For reasons we now explain, in this state the parents' claim for medical expenses is not required to be joined in the same action brought by the injured minor to recover for its own personal injuries. Consequently, the assertion that the parents' claim for medical expenses may be tolled during the minority of the child by § 5–201 of the Courts Article is without merit.

The joinder of claims by separate parties in a single action is governed by Md.Rules 2–211[6] and 2–212.[7] It is clear that

6. Md.Rule 2–211 provides in relevant part:
 "(a) **Persons to be Joined.**—Except as otherwise provided by law, a person who is subject to service of process shall be joined as a party in the action if in the person's absence
 (1) complete relief cannot be accorded among those already parties, or
 (2) disposition of the action may impair or impede the person's ability to protect a claimed interest relating to the subject of the action or may leave persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the person's claimed interest.
 The court shall order that the person be made a party if not joined as required by this section. If the person should join as a plaintiff but refuses to do so, the person shall be made either a defendant or, in a proper case, an involuntary plaintiff. . . .
 "(c) **Effect of Inability to Join.**—If a person meeting the criteria of (1) or (2) of section (a) of this Rule cannot be made a party, the court shall determine whether the action should proceed among the parties before it or whether the action should be dismissed. Factors to be considered by the court include: to what extent a judgment rendered in the person's absence might be prejudicial to that person or those already parties; to what extent the prejudice can be lessened or avoided by protective provisions in the judgment or other measures; whether a judgment rendered in the person's absence will be adequate; and finally, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

7. Md.Rule 2–212 provides:
 "(a) **When Permitted.**—All persons may join in one action as plaintiffs if they assert a right to relief jointly, severally, or in the alternative in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief and against one or more defendants according to their respective liabilities.
 "(b) **Safeguards.**—The court may make such orders as well prevent a party from being embarrassed, delayed, or put to expense by the inclusion of another who asserts no claim against the party and against whom the party asserts no claim, and may order separate trials or make other orders to prevent delay or prejudice."

the parents' claim for medical expenses and the minor's claim for personal injuries may be brought in the same action under Md. Rule 2–212. Equally clear, however, is that under Md. Rule 2–211 the parents' claim for medical expenses and the minor's claim for personal injuries are not required to be joined in a single action.

As we have recognized, Rule 2–211 essentially tracks Fed. R.Civ.P. 19. *South Down Liquors, Inc. v. Hayes,* 323 Md. 4, 10, 590 A.2d 161, 164 (1991); *Mahan v. Mahan,* 320 Md. 262, 272, 577 A.2d 70, 75 (1990). Therefore, interpretations of that federal rule are persuasive as to the meaning and proper applications of the Maryland rule. *New Jersey ex rel. Lennon v. Strazzella,* 331 Md. 270, 279, 627 A.2d 1055, 1059 (1993); *Beatty v. Trailmaster Products, Inc.,* 330 Md. 726, 738 n. 8, 625 A.2d 1005, 1011 n. 8 (1993); *Mahan, supra,* 320 Md. at 272, 577 A.2d at 75.

The purpose of the Fed.R.Civ.P. 19 is "to bring before the court all persons whose joinder would be desirable for a just adjudication of the action." 7 Charles A. Wright, et al., *Federal Practice and Procedure* § 1604, at 36 (2d ed. 1986). Professors Wright, Miller and Kane state:

"There is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). The decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them. Account must also be taken of whether other alternatives are available to the litigants. By its very nature, Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases, although certain general patterns are apparent in the decisions."

7 Wright, et al., *supra,* § 1604, at 40.

With regard to tort actions involving multiple plaintiffs who are severally entitled to relief against a tortfeasor, it has been stated:

"When several tort actions instituted by different persons arise out of the same incident, the complaining parties need not be joined in the suits brought by the others. For instance, in an action by a husband for personal injuries, his wife's joinder may not be essential if her claim for loss of consortium is wholly independent under state law and she is free to assert it in a separate action."

7 Wright, et al., *supra*, § 1623, at 349–350. Professor Moore similarly states in this regard:

"The possibility of adjudications that are inconsistent merely as a matter of logic does not trigger the application of Rule 19(a).... Thus when several persons are injured by the same tort and proof of damage is individual, the fact that want of an estoppel may leave a defendant who has defended successfully against one of the injured parties with the risk that he will be liable to another in a subsequent suit does not make it necessary that all the putative plaintiffs be joined in the same suit...."

3A James W. Moore & Jo D. Lucas, *Moore's Federal Practice* ¶ 19.07–1[2.–2], at 19–123–24 (1993).

In line with the commentators, federal decisions generally manifest a pattern of not requiring joinder of parties who possess separate and distinct causes of action arising out of a single tortious incident. *See Lewis v. Holden,* 821 F.2d 291 (5th Cir.1987) (Under Mississippi law, parents and minor possess separate causes of action for negligent injury to minor and minor need not be joined in parent's action by Fed. R.Civ.P. 19(a)); *Bakia v. County of Los Angeles,* 687 F.2d 299 (9th Cir.1982) (It is a misapplication of Fed.R.Civ.P. 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely); *Field v. Volkswagenwerk AG,* 626 F.2d 293 (3d Cir.1980) (wife, whose cause of action for loss of consortium was separate and distinct from decedent spouse's claim, not required to be joined under Fed.R.Civ.P. 19(a)); *Pan American World Airways, Inc. v. United States Dist. Ct.,* 523 F.2d 1073 (9th Cir.1975) (airplane crash victims' next of

kin, who may be potential plaintiffs, are not required to be joined in suit with other crash victims); *Sove v. Smith,* 311 F.2d 5 (6th Cir.1962) (wife, whose cause of action for loss of consortium was separate and distinct from husband's own claim, not required to be joined under Fed.R.Civ.P. 19); *Cortez v. County of Los Angeles,* 96 F.R.D. 427 (C.D.Cal.1983) (minor not required to be joined in parents' suit seeking recovery for emotional distress as a result of defendant's negligent medical treatment of minor); *Wright v. Schebler Co.,* 37 F.R.D. 319 (S.D.Iowa 1965) (wife, whose cause of action for loss of consortium is a separate and distinct from husband's own claim, not required to be joined under Fed.R.Civ.P. 19(a)). *But see Aguilar v. County of Los Angeles,* 751 F.2d 1089 (9th Cir.), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985) (where under California state law collateral estoppel may preclude minor from relitigating issue of negligence if his parents were unsuccessful in a federal diversity action, minor required to be joined in his parent's action for recovery of pre-majority medical expenses); *Lopez v. Martin Luther King, Jr. Hosp.,* 97 F.R.D. 24 (C.D.Cal.1983) (same).

State courts addressing this issue likewise have not required joinder of the child's claim for personal injuries and the parent's claim for medical expenses. *Troutman v. Ollis,* 134 Mich.App. 332, 351 N.W.2d 301 (1984); *Independent School Dist. I–29 v. Crawford,* 688 P.2d 1291 (Okla.1984); *Glover v. Narick,* 184 W.Va. 381, 400 S.E.2d 816 (1990).

Indeed, as the United States Court of Appeals for the Third Circuit recognized in circumstances similar to the case *sub judice,* requiring joinder of separate causes of action arising out of a single tortious incident would render meaningless the distinction between permissive and compulsory joinder. *Field, supra,* 626 F.2d at 301. In *Field, supra,* the court determined that a wife's separate and distinct cause of action for loss of consortium was not required to be joined in the same action brought by her deceased husband's estate and her son against the tortfeasor. The Court of Appeals for the Third Circuit explained in relevant part:

"The right to separate and individual relief asserted against VWAG by [the wife] in her individual capacity, however, even though it arises out of the same occurrence, exists quite apart from the claims asserted by [her son and her husband's] estate and, if upheld, would impose upon VWAG an obligation separate and distinct from its obligations to the other parties. Complete relief under Rule 19(a)(1) 'refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought, and mere theoretical considerations of disposing of the whole controversy should not be employed' to dismiss an action 'where it appears unlikely that absent persons could be adversely affected.' Indeed, to dismiss the action on the ground that [the wife] is indispensable would appear 'to deny a principal aspect of several liability.' "

626 F.2d at 301 (footnotes omitted).

 Although we have stated that one of the purposes of compulsory joinder is "to prevent 'multiplicity of litigation by assuring a determination of the entire controversy in a single proceeding,' " *Mahan v. Mahan*, 320 Md. at 272, 577 A.2d at 75 (*quoting Bender v. Secretary, Dep't of Personnel*, 290 Md. 345, 351, 430 A.2d 66, 69–70 (1981)), we agree with the commentators and other courts that have addressed this issue and hold that under Md. Rule 2–211 the parents' claim for medical expenses arising because of a tortious injury to their minor child is not required to be joined in a single action with the minor's claim for personal injuries.

 In *Hudson*, we explained that the parents' cause of action for medical expenses "is not derivative, in a legal sense, from the infant's cause of action, but is a separate and distinct ground for recovery vested in the parent." 226 Md. at 530, 174 A.2d at 343. The parents in this case were required by § 5–101 of the Courts Article to file an action within three years from the date of the accident to recover for medical expenses. Having failed to file this action to recover for the medical expenses within the three-year limitations period, the parents are barred from recovering for any medical expenses

for which they have paid or for which they will be obligated to pay during their child's minority.

Furthermore, by not requiring the parents' claim for medical expenses to be joined with the minor's own claim and allowing both to be tolled by § 5–201 of the Courts Article, we remain loyal to the well established principle "that where the legislature has not expressly provided for an exception in a statute of limitations, the court will not allow any implied or equitable exception to be engrafted upon it." *Booth Glass Co., Inc. v. Huntingfield Corp.*, 304 Md. 615, 623, 500 A.2d 641, 645 (1985); *see also Walko Corp. v. Burger Chef Sys., Inc.*, 281 Md. 207, 211, 378 A.2d 1100, 1102 (1977); *McMahan v. Dorchester Fertilizer Co.*, 184 Md. 155, 160, 40 A.2d 313, 315–16 (1944). Our unwillingness to provide implied or equitable exceptions to a statute of limitations is evidenced by two recent decisions, in which we refused to give an expansive interpretation to § 5–201. In *Johnson v. Maryland State Police*, 331 Md. 285, 628 A.2d 162 (1993), we rejected the argument that § 5–201 tolled the 180–day claim filing requirement of the Maryland Tort Claims Act [8] during the plaintiffs' minority. Similarly, in *Waddell v. Kirkpatrick*, 331 Md. 52, 626 A.2d 353 (1993), we refused to apply § 5–201 to save a wrongful death action [9] brought by a minor. Although these two cases involved interpretations of the Maryland Tort Claims Act and the wrongful death statute, they evidence our unwillingness to recognize implied exceptions or strained interpretations of statutes so as to avoid the bar of limitations. *See Walko Corp.*, 281 Md. at 211, 378 A.2d at 1102.

Finally, our view that § 5–201 does not apply to the parents' claim for medical expenses during the minority of the child is in accord with virtually every court that has addressed this issue. *See Doran v. Compton*, 645 F.2d 440 (5th Cir. Unit A May 1981) (applying Texas law); *Perez v. Espinola*, 749

---

8. Md.Code (1984, 1993 Repl.Vol.), §§ 12–101 through 12–110 of the State Government Article.

9. Md.Code (1974, 1989 Repl.Vol.), §§ 3–901 through 3–904 of the Courts article.

F.Supp. 732 (E.D.Va.1990) (applying Virginia law); *Davis v. Drackett Prods. Co.,* 536 F.Supp. 694 (S.D.Ohio 1982) (applying Ohio law); *Bergstreser v. Mitchell,* 448 F.Supp. 10 (E.D.Mo.1977) (applying Missouri law), aff'd, 577 F.2d 22 (8th Cir.1978); *Myer v. Dyer,* 542 A.2d 802 (Del.Super.Ct.1987); *Rose v. Hamilton Medical Center, Inc.,* 184 Ga.App. 182, 361 S.E.2d 1, *cert. denied,* 184 Ga.App. 910 (1987); *Severe v. Miller,* 120 Ill.App.3d 550, 76 Ill.Dec. 34, 458 N.E.2d 173 (1983); *Walter v. City of Flint,* 40 Mich.App. 613, 199 N.W.2d 264 (1972); *Ostrander v. Cone Mills, Inc.,* 445 N.W.2d 240 (Minn.1989); *Macku v. Drackett Prods. Co.,* 216 Neb. 176, 343 N.W.2d 58 (1984); *D'Andria v. County of Suffolk,* 112 A.D.2d 397, 492 N.Y.S.2d 621 (1985); *Vaughan v. Moore,* 89 N.C.App. 566, 366 S.E.2d 518 (1988); *Day v. MacDonald,* 67 Ohio App.3d 240, 586 N.E.2d 1135 (1990); *Hathi v. Krewstown Park Apartments,* 385 Pa.Super. 613, 561 A.2d 1261 (1989); *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983). *But see Vedutis v. Tesi,* 135 N.J.Super. 337, 343 A.2d 171 (1975) (N.J.Stat.Ann. § 2A:14–2.1 provides that parents' claim for damages as a result of injury to their child enjoys benefit of statute tolling child's claim where the parents assert their claim in the same action with their child's claim), aff'd, 142 N.J.Super. 492, 362 A.2d 51 (1976); *Lauver v. Cornelius,* 85 A.D.2d 866, 446 N.Y.S.2d 456 (1981) (limitations on both minor's action and parents' action against alleged child molester were tolled during the minor's infancy); *Korth v. American Family Ins. Co., supra.*

Parents are charged by § 5–203 of the Family Law Article with the legal obligation to provide necessary medical care to their minor children. Consequently, when their minor child is negligently injured, we have recognized that the right to recover for the attendant medical expenses is "vested in the parent[s]." *Hudson,* 226 Md. at 530, 174 A.2d at 343. By failing to file an action within three years of the accident, the parents' claim for all medical expenses incurred as a result of the accident prior to emancipation of the minor is barred by limitations. Accordingly, the circuit court properly dismissed the second count of the original complaint.

## III.

In assailing the circuit court's dismissal of the entire amended complaint, plaintiffs assert that the parents, by bringing an action as next friends of the minor child, waive to the minor the right to recover the medical expenses. Moreover, the plaintiffs assert that this waiver may occur at any time during the minority of the child, notwithstanding that the statute of limitations has run against the parents' claim for medical expenses. We shall conclude, however, that even if parents could waive to their minor child their right to recover for the medical expenses, the waiver in this case is similarly barred by limitations.

There is authority for the proposition that a parent, by bringing an action as guardian or next friend of an injured minor child in which a claim is made for medical expenses, waives or relinquishes the right of recovery to the child. *See Tellier,* Annotation, *supra,* 32 A.L.R.2d 1060, § 14, at 1083 and cases cited therein. One commentator has explained the waiver of the parents' claim for medical expenses this way:

"The parent may, of course, assign his claim for the medical expenses to the child, or he may waive his right to recover by the child's emancipation. Perhaps the most common manner in which the parent waives his right is by acting as the guardian ad litem or next friend of the infant. Ordinarily, such a waiver benefits the child and not the defendant. The rule that the proper party to bring the action for medical expenses is the parent, and not the child, is one intended to protect the defendant from duplicate claims. Consequently, when the parent institutes and action on behalf of the child in which such expenses are claimed on the child's behalf, the institution of the action operates, in law, as an assignment of the parent's claim to the child. The waiver which bars the parent from recovering after the claim for medical expenses has been made part of the child's claim does not, of course, arise from the mere fact that the parent acts as guardian ad litem or next friend. In order to

bar the parent's claim, he must have permitted the child to make a claim for the medical expenses."

Jacob A. Stein, *Damages and Recovery—Personal Injury and Death Actions* § 228 (1972) (footnotes omitted).

Similarly, the Supreme Court of Arizona has stated:

"In [*S.A. Gerrard Co. v. Couch,* 43 Ariz. 57, 29 P.2d 151 (1934)] it was decided that the proper party to bring an action for damages for injuries to a minor child and for the expenses of medical care and treatment was the parent and not the child, citing 31 Corpus Juris 1114, section 252. The rule is one intended to protect a defendant against having to pay such expenses a second time and can have no place in a case where the parents have sued for such expenses as guardians ad litem of the child, or where the parents have consented to or approved the recovery of such expenses in an action by the child, which is the situation here. The parents' right to recover such expenses is an ordinary chose in action which they release to the injured infant and certainly, when they bring an action for such expenses in the name of the infant and as his guardians ad litem, it amounts in law to such an assignment. We find the authorities support this rule. *Bauman v. City and County of San Francisco,* 42 Cal.App.2d 144, 108 P.2d 989 [(1940)]. In 37 A.L.R. 66, in a note, it is said:

"Some of the cases hold that a parent, by bringing an action as guardian or next friend of an injured minor child, in which a claim is made for lost time from work, diminished earning capacity from and after the injuries, medical expenses, etc., estops himself to claim those items in subsequent judicial proceedings in his own behalf; others state that he thereby waives or relinquishes the right of recovery to the child; while still others hold that by such an act the parent is 'conclusively presumed' to have emancipated the child or relinquished his rights of recovery. But whatever the manner of expression, it is held in such cases not only that the father cannot recover in a subsequent action after suing in such a manner, but that, if he brings such a suit in

behalf of the child, recovery may be had by the child, in the first instance, thereby avoiding a duplicity of actions."
*Pearson & Dickerson Contractors, Inc. v. Harrington*, 60 Ariz. 354, 364–65, 137 P.2d 381, 385–86 (1943).

Asserting that this waiver of medical expenses theory is applicable in Maryland, plaintiffs cite two federal district court cases for the proposition that this waiver may take place even after the parents' claim for medical expenses is barred by limitations. *See McNeill v. United States*, 519 F.Supp. 283 (D.S.C.1981); *Sox v. United States*, 187 F.Supp. 465 (E.D.S.C. 1960). In both cases, a minor, by their parents as guardians ad litem, filed an action against the United States under the Federal Tort Claims Act after the time in which the parents could have filed suit had expired. In both cases, the court dismissed without much discussion the argument that the claim for medical expenses was barred by limitations. In *Sox*, the court stated:

> "At the close of the government's defense, the government called to the attention of the Court that general releases were obtained from the mother and father in the settlement of suits brought for them. The records show that these cases were brought on behalf of the parents to recover damages only for the personal injuries sustained by them and in no way involved any claim arising by reason of injury to their then unborn infant daughter. It also appears that more than two years have expired since the accident so that any claim arising by reason of injury to the infant that either parent might have had is now barred by the provisions of 28 U.S.C.A. § 2401(b). It is not clear as to why the government called attention to these settlements unless it is the contention of the government that the settlement of the personal injury suits of the parents bars a recovery by the infant for the costs of any *medical and nursing care* that may be necessitated during its minority by reason of its injuries. If that is the contention of the government, then it is without merit. It is settled law that the primary right of recovery for the cost of medical and nursing care of an injured infant lies with the parents, but it is equally well

settled that this right may be waived in favor of a recovery by the infant. The underlying reason for these rules is to prevent double recoveries. It is not to excuse liability. By not asserting within the two-year statutory period any right that they may have had to recover for such cost, the parents have absolutely and irrevocably waived any right that they may have had in that respect. This does not, however, bar the infant nor does it excuse liability."

187 F.Supp. at 469–70. Prior to quoting this passage from *Sox,* the court in *McNeill* stated:

"Medical expenses on behalf of a child are usually included in a parent's cause of action. *Tucker v. Buffalo [Cotton] Mills,* 76 S.C. 539, 542, 57 S.E. 626, 121 Am.St.Rep. 957 (1907); *Hughey v. Ausborn,* 249 S.C. 470, 154 S.E.2d 839, 841 (1967); and *Kapuschinsky v. United States,* 259 F.Supp. 1, 7 (D.S.C.1966). However, this general rule is not an absolute bar, as when the parents do not assert a claim, or have waived a claim for these expenses. 67A C.J.S. *Parent and Child* § 142, p. 526. Suppose both parents had died? Would the claim for medical expenses be lost? Surely it would inhere in the child, and he would be responsible to pay for his own necessary expenses from his own assets. The important point is that two claims cannot be asserted for the same item of damages."

519 F.Supp. at 290.

Although there are a legion of cases allowing parents to waive the right to recover medical expenses to their child, our research disclosed no cases following the rationale of *Sox* and *McNeill,* whereby a minor may recover medical expenses after the parents' claim for those expenses is barred by limitations. Thus, it has been stated:

"Permitting the minor plaintiff to sue for the medical expenses on the ground that the parent has waived his claim or has transferred his right to the child may open the way to the allowance of claims which the parent could not himself make successfully. In such a situation, courts generally hold that the child may not recover the medical

expenses. For example, when the parent's claim is barred because the parent was guilty of contributory negligence in permitting the child to play in a place of danger, or by the statute of limitations, recovery for the medical expenses has been denied in the child's suit."

Stein, *supra*, § 228, at 473.

■ Assuming the parents of a minor may assign or waive the right to recover for medical expenses by bringing a suit on behalf of the minor, we hold that they must do so within three years from the date the cause of action accrues. § 5–201 of the Courts Article. To hold otherwise, would extend the action to recover medical expenses vested in the parents beyond the applicable period of limitations. This view is in accord with other courts that have addressed this question. *See Rose v. Hamilton Medical Center, Inc.*, 184 Ga.App. 182, 361 S.E.2d 1, *cert. denied*, 184 Ga.App. 910 (1987); *Roberts v. Sisters of Saint Francis Health Services, Inc.*, 198 Ill.App.3d 891, 145 Ill.Dec. 44, 556 N.E.2d 662 (1990); *Reimers v. Honda Motor Co., Ltd.*, 150 Ill.App.3d 840, 104 Ill.Dec. 165, 502 N.E.2d 428 (1986), *appeal denied*, 114 Ill.2d 557, 108 Ill.Dec. 424, 508 N.E.2d 735 (1987); *Vaughan v. Moore*, 89 N.C.App. 566, 366 S.E.2d 518 (1988).

### IV.

Finally, plaintiffs argue that the minor has "standing" to bring the claim for medical expenses, i.e., that the right to bring the action is not vested exclusively in the parents but rather is vested concurrently in the minor and the parents. Under certain circumstances, that contention has merit. We stated in *Hudson v. Hudson, supra*, that the right to recover a minor's medical expenses vests in the parent, 226 Md. at 530, 174 A.2d at 343; however, this is not to say that a child can *never* recover medical expenses. In limited circumstances, a minor may be individually held liable for his medical expenses, and in those circumstances, the minor must, of necessity, be allowed to recover those medical expenses.

■ The rule vesting in the parent the right to recover medical expenses is grounded in the proposition that the parent has a duty to care for the child, and that as a result of that duty, the parent, not the child, is contractually liable for medical expenses incurred on the child's behalf. *See* 4 J.G. Sutherland, *Law of Damages,* § 1250, at 4737–38 (4th ed. 1916) (a minor living with his parents cannot recover medical expenses as items of damages because the child is not liable for them, unless the minor has paid the bill, or is legally bound to pay it); 2 Arthur G. Sedgwick, *Measure of Damages* § 486b, at 932–33 (9th ed. 1912) ("Since the parent is obliged to support the child during minority, and therefore to furnish medical attendance, the minor cannot recover medical expenses resulting from the injury, unless, as may happen, the minor's estate has become responsible for them."). Thus, if a minor is contractually liable for medical expenses, it follows that the minor should be able to recover those expenses from a tortfeasor. Other jurisdictions have examined this question. *Moses v. Akers,* 203 Va. 130, 122 S.E.2d 864 (1961), set forth four circumstances which constitute exceptions to the general rule that parents possess the exclusive right to recover a minor's pre-majority medical expenses. These include the following: (1) when the minor child has paid or agreed to pay the expenses, (2) when the minor child is legally responsible for payment, such as by reason of emancipation, or the death or incompetency of his parents, (3) when the parents have waived or assigned their right of recovery in favor of the minor child,[10] or (4) when recovery of expenses is permitted by statute. *Moses v. Akers* at 132, 122 S.E.2d at 866 (citing 43 C.J.S. *Infants* § 104(d); Tellier, Annotation, *supra,* 32 A.L.R.2d 1060). We believe this reasoning is sound.

The third exception, that of waiver or assignment, was discussed in Part III of our opinion. It differs from the other three insofar as it allows the child to pursue what was initially a parents' claim. The remaining three exceptions give rise to

---

10. As discussed in Section III, *supra,* the waiver or assignment will not excuse the application of the statute of limitations to the parents' assigned claim.

a separate and distinct claim for medical expenses possessed by the minor himself or herself, and we will discuss these in turn.

 The first and second exceptions were addressed by Overholtzer's counsel at oral argument. Counsel conceded that, if the minor could establish that the medical expenses were paid from the minor's own estate or that the minor is responsible for pre-majority medical expenses, then the minor would be able to bring a claim to recover those expenses. We agree. It has been stated:

> "In the usual situation, damages for medical expenses already incurred belong to the parent, and not to the minor child.... The rule applies, however, only to the usual situation, which may be defined as
>
> > 'the situation of an injured child living with, supported by, and possibly rendering services or earnings (in whole or in part) to its parents or parent, the parent being legally entitled to its custody and services, and, at least primarily, accountable for its support and maintenance, including expenses reasonably and necessarily incurred in curing its injuries or attempting to effect their cure, and the parent having in no way lost his right of recovery of the items of damages accruing to him upon the child's being injured.'"

Stein, *supra*, § 223, at 465 (footnotes omitted) (quoting 32 A.L.R.2d 1060, 1063, § 2). At the same time, it is recognized that

> "there are many instances which do not fall within the area described by the term, 'usual situation.' For instance, the injured minor may have been emancipated; he may have paid the costs from his own funds; the parent may have waived his right to recover the expenses...."

*Id.*, § 226, at 469. We note that a minor can very well be responsible for pre-majority medical expenses not only through emancipation, pre-payment, or through the death or incompetency of his parents, but also under the doctrine of necessaries.

 Generally, the law regards contractual obligations of minors as voidable, giving the minor child the choice

whether to avoid the contract, or to perform it. *McBriety v. Spear*, 191 Md. 221, 60 A.2d 528 (1947); *Amey v. Cockey*, 73 Md. 297, 20 A. 1071 (1891); 4 Richard A. Lord, *Williston on Contracts*, § 8:14 (4th ed. 1992). It is well established, however, that a minor is liable for the value of necessaries furnished to him or her. *Monumental Bldg. Ass'n v. Herman*, 33 Md. 128 (1870); 42 Am.Jur.2d *Infants* § 65, at 66 (1969).[11]

We have long recognized the doctrine of necessaries, as evidenced by *Monumental Bldg., supra*. There, two siblings objected to a foreclosure sale of their property on the ground that they were minors when they executed the mortgage. The circuit court sustained the siblings' objections and refused to ratify the sale. This Court agreed, but made it clear that circumstances did exist under which minors would be held liable on their contracts:

> "[I]n their contracts for necessaries, such as board, apparel, medical aid, teaching, and instruction, and other necessaries, they are absolutely bound, and may be sued and charged in execution.... Their power, thus to contract for necessaries, is for their benefit ... and if they were not permitted to so bind themselves they might suffer."

33 Md. at 132.

The doctrine is not without limits, however. Parents have a common law and, in Maryland, a statutory duty to

---

**11.** We refer to the value of necessaries as opposed to the price under an express contract for necessaries to make clear that the minor's liability arises from an implied promise to pay, or quasi-contract. *See Webster Street Partnership v. Sheridan*, 220 Neb. 9, 368 N.W.2d 439 (Neb.1985); *Richardson v. Strong*, 35 N.C. 106 (1851); *North Carolina Baptist Hosp. v. Franklin*, 103 N.C.App. 446, 405 S.E.2d 814, cert. denied, 330 N.C. 197, 412 S.E.2d 58 (1991); *University of Cincinnati Hosp. v. Cohen*, 57 Ohio App.3d 30, 566 N.E.2d 187 (1989); 43 C.J.S. *Infants* § 180 (1978, Cum.Supp.1993). Some courts have held that a minor is therefore not liable for express contracts for necessaries, but only for the reasonable value of the necessaries furnished to the minor. *See, e.g., Ex parte Odem*, 537 So.2d 919 (Ala.1988); 42 Am.Jur.2d *Infants* §§ 65, 208 (1969). *But see Madison Gen. Hosp. v. Haack*, 124 Wis.2d 398, 369 N.W.2d 663 (1985). Since the necessaries doctrine is quasi-contractual in nature, an implied contract for necessaries is sufficient to bind the minor.

support and care for their children. *See* § 5–203(b)(1) of the Family Law Article, *supra.* Theoretically, a child of parents who fulfill their duty is not lacking necessaries; the liability resulting from the doctrine, therefore, is itself unnecessary. Thus, application of the necessaries doctrine is often limited when the minor child is living with and supported by his parents. But where the parent refuses or is unable to furnish necessaries, the infant is liable for necessaries furnished him or her. 42 Am.Jur.2d *Infants* § 67, at 68–69 (1969, Cum.Supp. 1993). *See also* John D. Hodson, Annotation, *Infant's Liability for Medical, Dental, or Hospital Expenses,* 53 A.L.R. 4th 1249 (1987, Supp.1992).

Most courts appear to recognize this formulation of the necessaries doctrine, but the determination of whether a parent or guardian is able and willing to supply necessaries varies from jurisdiction to jurisdiction and is heavily dependent on the facts of each individual case.

A North Carolina court, for example, refused to hold a child liable for hospital bills under the doctrine of necessaries in *North Carolina Baptist Hosp. v. Franklin,* 103 N.C.App. 446, 405 S.E.2d 814, *cert. denied,* 330 N.C. 197, 412 S.E.2d 58 (1991). The court acknowledged the necessaries doctrine, but it found that the facts of this particular case rendered the doctrine inapplicable. In *Franklin,* the court found that the child's parents had made an express contract with the hospital, that this express contract superseded any contract that could be implied between the child and the hospital, and that the hospital had elected to obtain a default judgment against the parents for debt under the express contract. *Id.* at 450, 405 S.E.2d at 817. These facts suggest that the parents were willing and at least somewhat able to pay the medical expenses. Although the North Carolina court declined to extend the doctrine to hold children liable for expressly contracted debts of their parents, it nevertheless affirmed the validity of the necessaries doctrine, noting that the doctrine has been a part of Anglo–American jurisprudence since before the time of Lord Coke. *Id.* at 448, 405 S.E.2d at 816.

In *Gardner v. Flowers*, 529 S.W.2d 708 (Tenn.1975), the Supreme Court of Tennessee reached the opposite result and determined that a child was liable for hospital expenses she incurred as a result of an automobile accident. At that time, Tennessee precedent on the doctrine of necessaries had provided that "if the infant lives with his parent and is in his charge, custody, and control . . . and the care and protection of the parent is duly exercised in his behalf, he cannot bind himself for necessaries." *Foster v. Adcock*, 161 Tenn. 217, 219, 30 S.W.2d 239, 240 (1930). The *Gardner* court distinguished that earlier precedent, noting that it was based on a presumption that since a parent is presumed to provide all of a child's necessities in life, a contract made by that child is presumed to be for non-necessaries. 529 S.W.2d at 710. The court further noted that this presumption did not hold true in the *Gardner* case, since the child's mother was financially unable to provide the needed hospital care for her daughter. *Id.* The court therefore held that "the inability of parents to pay for essential medical treatment for an infant renders such treatment a necessary for which the infant is liable." *Id.* 529 S.W.2d at 711.

A number of other jurisdictions apply a similar rule. *See, e.g., Ex parte Odem*, 537 So.2d 919 (Ala.1988) (minor liable for reasonable value of necessaries furnished to minor's infant son); *Cole v. Wagner*, 197 N.C. 692, 150 S.E. 339 (1929) ("the mere fact that an infant has a father, mother, or guardian does not prevent his being bound to pay what was actually necessary for him when furnished, if neither his parents nor guardian did anything toward his care or support"); *Greenville Hosp. Sys. v. Smith*, 269 S.C. 653, 239 S.E.2d 657 (1977) (minor's estate would be held liable for the hospital bills if it was determined that his parents were "unable to pay or provide security for the payment of this obligation without delay"). *But see Hoyt v. Casey*, 114 Mass. 397 (1874); *Madison Gen. Hosp. v. Haack*, 124 Wis.2d 398, 369 N.W.2d 663 (1985).

Some jurisdictions have construed the necessaries doctrine even more broadly. In *Scott County Sch. Dist. v. Asher*, 263

Ind. 47, 324 N.E.2d 496 (1975), the Supreme Court of Indiana held that as far as medical expenses are concerned, a minor child is liable for their payment, even if he is living with and supported by his parents. The court reasoned as follows:

"The twin policies of protecting a child from disadvantageous contracts and of limiting the parent's duty to the provision of strict necessaries at home are not at work in contracts or implied contracts for necessary and reasonable medical services. The necessity for such services is seldom disputed. There is no reason to insulate either child or parent from the doctor's or hospital's suit. The child was not talked into an improvident purchase, nor was the parent denied his right to choose the type of necessary. Since the child received the service and it was a necessary, he is liable. The parent is also liable because of his common law and, in some instances, statutory duty to support and maintain his child."

*Id.* at 51, 324 N.E.2d at 499. On the basis of this liability, the court declared that a minor could recover medical expenses incurred on his own behalf. *Accord Lopez v. Southwest Community Health Servs.,* 114 N.M. 2, 833 P.2d 1183 (N.M.Ct.App.), *cert. denied* 113 N.M. 690, 831 P.2d 989 (1992). *See also White v. Moreno Valley Unified Sch. Dist.,* 181 Cal.App.3d 1024, 226 Cal.Rptr. 742 (1986) (cause of action to recover medical expenses incurred on account of a minor's personal injuries does not belong exclusively to the parents, but to both the parents and the minor).

Although we decline to vest a right to recover medical expenses in a minor in *all* cases, we agree that the doctrine of necessaries is sufficient to hold a minor child liable for medical expenses incurred by him or her if it can be shown that his or her parent is unwilling or truly unable to pay them. This liability will, in turn, give a minor the right to claim medical expenses on his or her own behalf. It would be manifestly unjust to hold a child liable for medical expenses but to deny that child the opportunity to recover those expenses from a wrongdoer.

*Moses v. Akers, supra,* set forth a fourth exception to the general proposition that the claim for a minor's medical expenses vests in the parents. This exception allows a minor child to recover medical expenses as permitted by statute. It is worth noting that when the Virginia Supreme Court of Appeals enunciated that standard, it referred specifically to a Virginia law providing for liens on the claim of an injured person in a tort case in favor of a hospital, physician, or nurse furnishing treatment for the person's injuries. 203 Va. at 132 n. 1, 122 S.E.2d at 866 n. 1. Maryland has a similar statute.

Maryland Code (1990 Repl.Vol., 1992 Cum.Supp.), § 16–601 of the Commercial Law Article creates a lien in favor of a hospital on "50 percent of the recovery or sum which the patient ... collect[s] in judgment, settlement, or compromise of the patient's claim against another for damages on account of the injuries." [12] Although we have not specifically addressed how Section 16–601 applies to claims by minor patients,[13] we may, in this case, look to New York authority for

---

12. Md.Code (1990 Repl.Vol., 1992 Cum.Supp.) § 16–601 of the Commercial Law Art. provides in full:

"§ 16–601. Lien for medical and related services.

(a) *Creation of lien.*—A hospital which furnishes medical or other services to a patient injured in an accident not covered by the Maryland Worker's Compensation Act has a lien on 50 percent of the recovery or sum which the patient, or, in case of death, the heirs or personal representative of the patient collect in judgment, settlement, or compromise of the patient's claim against another for damages on account of the injuries.

(b) *Charges secured; limitation.*—(1) The lien secures the reasonable and necessary charges of the hospital for treatment, care, and maintenance provided to the patient.

(2) However, the charges secured may not exceed those allowed by the State Worker's Compensation Commission for medical services rendered to individuals coming under the Maryland Workers' Compensation Act.

(c) *Subordination to attorney's lien.*—A hospital's lien is subordinate only to an attorney's lien for professional services for collecting or obtaining damages."

13. *St. Joseph Hosp. v. Quinn,* 241 Md. 371, 216 A.2d 732 (1966), like the case *sub judice,* dealt with the medical expenses of an injured minor child. In *Quinn,* however, we did not address the question of the

guidance. In an earlier construction of § 16–601, we noted that our statute was patterned after a similar New York lien law, and we found that "New York decisions [are] persuasive as to the meaning of the Maryland act." *St. Joseph Hosp. v. Quinn*, 241 Md. 371, 377, 216 A.2d 732, 735 (1966).

The New York court has considered the application of its lien law to minor patients. In *Ferguson v. Ruppert*, 166 Misc. 530, 3 N.Y.S.2d 9 (1938), a minor child was permitted to sue for damages, including medical expenses, for injuries which arose from the defendants' negligence. The court distinguished the rule that the claim for medical expenses is normally vested in a parent or guardian, noting that the "injured person" referred to in the statute is the one who has received the hospital care and not the parent who has been injured to the extent of loss of the child's services. *Id.* at 536, 3 N.Y.S.2d at 15. Thus, the court reasoned, "the amount of such lien must of necessity be a part of the damages receivable by such injured person," regardless of the age of the injured person. *Id.* Similarly, the Maryland statute provides that the lien attaches only to the sum which the *patient* (or, in the case of the patient's death, an heir or personal representative) collects. The statute does not distinguish between minor patients and adult patients. *See also Virginia v. Lee*, 239 Va. 114, 387 S.E.2d 770 (1990) (applying Virginia's lien statute to the claim of a minor child).

■ We agree with the *Ferguson* court; it would be patently unfair to disallow a claim by a minor child for medical expenses, but to then subject that minor child's recovery to the hospital lien. Under such a circumstance, the minor must be allowed to recover medical expenses to the extent that the minor will be liable for such expenses.

■ In the amended complaint in the instant case, the minor states that "large sums have been expended for his medical care and great sums will be incurred on his behalf *and*

---

child's minority as it pertained to the application of the statute (then codified as Md.Code (1964 Repl.Vol.) Art. 63, §§ 46–50).

*by him* for future medical services during and after his minority." As discussed in Parts II and III of our opinion, any claim for sums which have been expended by the child's parents for his medical care is barred by limitations, as is a claim by the minor on the grounds of waiver or assignment of the parents' claim. On the other hand, any claim for medical expenses incurred after the minor reaches the age of majority clearly belongs to the minor, and as to those expenses, the statute of limitations is tolled by § 5–201 of the Courts Article. Finally, we recognize that if the minor child can show that he or his estate either has paid or will be individually responsible to pay for medical expenses: (1) by emancipation, (2) by death or incompetence of his parents, (3) as necessaries for which his parents are unable or unwilling to pay, or (4) by operation of a statute, then § 5–201 of the Courts Article operates here as well, and the minor is entitled to bring a claim for those medical expenses.

Accordingly, the circuit court erred in dismissing the amended complaint. The amended complaint sets forth a claim for the minor's personal injuries and a claim by the minor for post-majority medical expenses. These claims are clearly vested in the minor. Moreover, if it can be shown that the minor's estate has paid or is responsible to pay for any pre-majority medical expenses, this claim is also vested in the minor. Because § 5–201 of the Courts Article tolls the statute of limitations, the minor is possibly entitled to relief on these claims.

*JUDGMENT ON THE INDIVIDUAL CLAIMS OF REY-NALDO A. GARAY AND ANA G. GARAY AFFIRMED, JUDGMENT ON THE CLAIMS ON BEHALF OF REY-NALDO AUGUSTI GARAY, A MINOR, REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOM-ERY COUNTY FOR FURTHER PROCEEDINGS NOT IN-CONSISTENT WITH THIS OPINION. COSTS TO BE PAID, ONE–HALF BY APPELLANTS, REYNALDO A. GA-RAY AND ANA G. GARAY, AND ONE–HALF BY APPEL-LEE.*